1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

| ERIC WHEELER, | CASE No.    1:12-cv-00860-LJO-MJS (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 7) |
| K. ALICESON, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

**FIRST SCREENING ORDER**

I.    **PROCEDURAL HISTORY**

Plaintiff Eric Wheeler is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action filed May 25, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF

No. 1.)

Plaintiff filed a First Amended Complaint on June 7, 2012 (First Am. Compl.,

ECF No. 7) without the Complaint having been screened by the Court. The First

Amended Complaint is now before the Court for screening.

Plaintiff has declined to extend Magistrate Judge jurisdiction to all matters and for all purposes in this case. (Decline Magistrate, ECF No. 8.)

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   ANALYSIS

### A.   Summary of First Amended Complaint

Plaintiff's First Amended Complaint is not a complete pleading. It is captioned as

a "Memorandum of Exhibits" and appears to consist of an amended complaint cover sheet and approximately 162 pages of materials apparently intended as exhibits to the original, now superseded Complaint. The First Amended Complaint does not clearly name Defendants liable thereon and includes no factual allegations, legal claims, or relief sought.

**B.    Pleading Requirements Generally**

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Every pleading

must be signed personally by an unrepresented party. Fed. R. Civ. P. 11(a).

Any amended pleading should be complete within itself, without reference to or attachment of another pleading, and must be signed personally by Plaintiff.

### C.   No Cognizable Claim Stated

The First Amended Complaint is unsigned. It does not include any discernable description of any alleged violation of any of Plaintiff's constitutional rights, and does not advise the Court of what claims Plaintiff intends to plead or the bases for them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's First Amended Complaint fails to state any cognizable claim.

The Court takes note that the unscreened original Complaint, which spans 214 pages, names as Defendants the warden and individual mental health staff members at the California Substance Abuse and Treatment Facility at Corcoran State Prison ("CSATF")[1] on First Amendment claims of retaliation; Eighth Amendment claims of deliberate indifference to mental health needs and failure to protect from risks of confinement; Fourteenth Amendment claims of due process deprivation relating to complaints and grievances, removal from the Extended Out Patient ("EOP") mental health program, handling of confidential inmate/patient information, and rules violations; ADA claims; and state law negligence claims. (Compl. at 3, 44-47). The Complaint

---

[1] The original Complaint names as Defendants (1) Aliceson, CSATF Warden, (2) Coffin, CSATF Chief of Mental Health, (3) Garcia, CSATF EOP Social Worker, (4) Goss, CSATF EOP Pysch. Tech., (5) Trevino. CSATF EOP Social Clinical Worker, (6) Isira, CSATF Psychologist, and (7) Fisher, CSATF Correctional Counselor. (Compl. at 5-9.)

1
2

seeks declaratory relief, an order enjoining the foregoing federal violations, and monetary compensation. (Compl. at 46-47. )

3
4
5
6
7
8

Plaintiff may have mistakenly believed he could file an amended complaint adding exhibits without re-alleging the facts of his claims. The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to amend, he must include all relevant factual allegations in one document; references to facts alleged in preceding complaints will be disregarded.

9
10
11

Moreover, Plaintiff need not and should not attach exhibits. His pleadings are taken as true for purposes of screening, and so it is unnecessary to try to support claims with exhibits. The Court cannot serve as a repository for exhibits.

12
13
14

The following sections of this order provide legal standards applicable to what the Court believes may be Plaintiff's intended claims.

15

**D.    Personal Participation**

16
17
18
19
20
21
22
23

To state a claim under § 1983, Plaintiff must demonstrate that each individually named defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 675–78.

24
25
26
27

Defendants can not be held liable under § 1983 solely because of their supervisory capacity. There is no respondeat superior liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a

showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See Redman v. County of San Diego, 942 F.2d 1435, 1446–47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability.) "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." Starr v. Baca, 652 F.2d 1202, 1206–07 (9th Cir. 2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights

### E    First Amendment

#### 1.    Retaliation

Plaintiff may desire to allege Defendants retaliated against him for exercising his rights under the First Amendment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action

against an inmate (2) because of (3) that inmate's protected conduct,[2] and that such

action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408

F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, plaintiff must allege and show that defendants

acted to retaliate for his exercise of a protected activity, and that defendants' actions did

not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816

(9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). Timing of the events

surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory

intent. See Pratt, 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,

1316 (9th Cir. 1989). "To prevail on a retaliation claim, a prisoner must show that the

challenged action did not reasonably advance a legitimate correctional goal." Brodheim

v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), citing Rhodes, 408 F.3d at 568.

A plaintiff must show that his protected conduct was a " 'substantial' or

'motivating' factor behind the defendant's conduct." Id., quoting Sorrano's Gasco, Inc.,

874 F.2d at 1314. Although it can be difficult to establish the motive or intent of the

defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283,

1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding

prison officials' retaliatory motives by raising issues of suspect timing, evidence, and

statements.)

A plaintiff must also show defendant's actions would be sufficient to chill or

---

[2] Accessing the court for civil rights purposes, and filing prison grievances are activities protected by the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

silence a person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d at 568–69), citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999), and did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals. Rizzo, 778 F.2d at 532.

Harassment alone generally is not actionable under § 1983. "Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979).

If Plaintiff chooses to amend and assert such a retaliation claim, he must allege sufficient facts to satisfy all five prongs as to each Defendant.

F.    **Eighth Amendment**

1.    Mental Health Care and Treatment

Plaintiff may intend to allege inadequate mental health care and treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

This principle extends to an inmate's mental health care needs. <u>Smith v. Jenkins</u>, 919 F.2d 90, 92–93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental health care needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. <u>Id.</u>

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096, citing <u>McGuckin</u>, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980), citing <u>Estelle</u>, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the

-9-

prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

In any amended pleading alleging inadequate health care, Plaintiff must allege facts showing (1) a serious mental health need, and (2) a deliberately indifferent response to that need on the part of each Defendant causing harm. See e.g., King v. Frank, 371 F.Supp.2d 977, 985 (W.D. Wis. 2005) (no deliberate indifference where undisputed that plaintiff received regular mental health treatment.) The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

2.   Failure to Protect

It is conceivable Plaintiff intends to allege a failure to protect him against risks from over crowding and under staffing.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1443. To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That

-10-

is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

In any amended pleading asserting a failure to protect, Plaintiff must allege facts of substantial risk of serious harm and Defendants' intentional indifference thereto.

### G.    Fourteenth Amendment Due Process

Plaintiff may desire to allege Defendants denied him due process relating to staff complaints and grievances, removal from the EOP program, disciplinary proceedings, and disclosure of confidential inmate/patient information.

#### 1.    Inmate Complaints and Grievances

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986).

-11-

2.      Housing, Programs, and Discipline

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

An inmate has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions.) "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

-12-

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221–22, 125 S.Ct. 2384, 162 L.Ed.2d 174 (2005). An inmate has no liberty interest in avoiding solitary confinement. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU .)

3.    Confidential Inmate-Patient Information

The Due Process Clause of the Fourteenth Amendment protects individuals against the disclosure of personal matters, Whalen v. Roe, 429 U.S. 589, 598–99 (1977), which "clearly encompasses medical information and its confidentiality . . . ." Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1269 (9th Cir. 1998). The privacy protection afforded medical information is not absolute, and may be infringed upon a showing of proper governmental interest. Planned Parenthood of Southern Arizona v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002).

The governmental interest in disclosure must advance a legitimate state interest and the government's action must be narrowly tailored to meet the legitimate interest. Roe v. Sherry, 91 F.3d 1270, 1274 (9th Cir. 1996). In making the determination whether the governmental interest outweighs the individual's privacy interest, courts must balance the following factors: (1) the type of information, (2) the potential harm in non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express

-13-

statutory mandate, articulated public policy, or other recognizable public interest militating toward access. Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004).

To maintain such claims, Plaintiff must allege facts identifying a liberty interest or allege other facts sufficient under the above standards to suggest he was deprived of a constitutionally protected interest without procedural due process.

### H.   ADA Accommodation

Plaintiff may desire to allege Defendants failed to properly accommodate a mental disability.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1022–23 (9th Cir. 1997); see also Duffy v. Riveland, 98 F.3d 447, 453–56 (9th Cir. 1996).

"To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124,

1138 (9th Cir. 2001).

Defendants' medical treatment of Plaintiff's condition, or lack thereof can not impose liability under the ADA. See Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claims).

Mere negligence is not sufficient to state an ADA claim. Muhammad v. Department of Corrections, 645 F.Supp.2d 299, 311 (D.N.J. 2008).

In any amended pleading, Plaintiff must allege facts suggesting denial of ADA accommodation under the above standards.

To the extent that Plaintiff wishes to seek assistance that he believes is due pursuant to the Armstrong Remedial Plan, he "must pursue his request via the consent decree or through class counsel." Crayton v. Terhune, No. C 98–4386 CRB (PR), 2002 WL 31093590, *4 (N.D. Cal. Sept.17, 2002). Plaintiff may not sue for damages in this action solely on the basis that Defendants allegedly violated the Armstrong Remedial Plan.[3]

## I.   State Law Medical Negligence

Plaintiff may desire to allege Defendants' state law medical negligence.

"To establish a medical malpractice claim, a plaintiff must allege in the complaint: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to

---

[3] The Armstrong Remedial Plan refers to a remedial order issued in Armstrong v. Davis, No. CV94–2307–CW, by the District Court for the Northern District of California to enjoin practices that discriminated against disabled inmates in California Prisons. See Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001); Armstrong v. Wilson, 124 F.3d 1019 (9th Cir. 1997) (affirming order requiring submission of a remedial plan for California Department of Corrections and Rehabilitation's compliance with both the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, as well as the Rehabilitation Act of 1973, 29 U.S.C. § 749.)

-15-

plaintiff." <u>Rightley v. Alexander</u>, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995), citing

<u>Hoyem v. Manhattan Beach School Dist.</u>, 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin,

Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held in

both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed

and exercised by members of their profession in similar circumstances." <u>Hutchinson v.

United States</u>, 838 F.2d 390, 392–93 (9th Cir. 1988).

The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o Federal

civil action may be brought by a prisoner confined in jail, prison, or other correctional

facility, for mental and emotional injury suffered while in custody without a prior showing

of physical injury ." 42 U.S.C. § 1997e(e). The physical injury "need not be significant

but must be more than de minimis." <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002).

Additionally, under the California Tort Claims Act ("CTCA"), a plaintiff may not

maintain an action for damages against a public employee unless he has presented a

written claim to the state Victim Compensation and Government Claims Board within six

months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2;

<u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff

may file a written application for leave to file a late claim up to one year after the cause

of action accrues. Cal. Gov't Code § 911.4. Presentation of a written claim, and action

on or rejection of the claim are conditions precedent to suit. <u>Shirk v. Vista Unified Sch.

Dist.</u>, 42 Cal.4th 201, 208–09 (Cal. 2007). Thus, in pleading a state law claim, a plaintiff

must allege facts demonstrating that he has complied with CTCA's presentation

requirement. <u>State of California v. Superior Court (Bodde)</u>, 32 Cal.4th 1234, 1240 (Cal.

2004). Failure to demonstrate compliance constitutes a failure to state a cause of action

and will result in the dismissal of state law claims. Id.

To plead negligence, Plaintiff must allege the above noted elements as against each Defendant.

**J.    Injunctive Relief**

Plaintiff may seek to enjoin Defendants from the above noted conduct.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008).

In cases brought by prisoners involving conditions of confinement, the PLRA requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

A plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects." See City of Los Angeles v. Lyons, 461 U.S. 95, 101–02 (1983).

If Plaintiff chooses to amend, he must set forth sufficient facts suggesting the above noted elements.

**K.    Exhaustion of Administrative Remedies**

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison

-17-

conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81 (2006).

If Plaintiff chooses to amend, he should allege facts showing he exhausted each level of prison appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[4]

## IV.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 678, quoting Twombly, 550 U.S. at 555. He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones, 297 F.3d at 934.

---

[4] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable.)

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux, 375 F.2d at 57. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form, (2) a copy of his First Amended Complaint filed June 7, 2012,

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint, **not to exceed 25 pages**, within

-19-

thirty (30) days from service of this order,[5] and

4.      If Plaintiff fails to file an amended complaint in compliance with this order,

this action shall be dismissed for failure to comply with the Court's order.\

IT IS SO ORDERED.

Dated:    January 2, 2013             /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE

---

[5] Exhibits need not, and rarely should be, made part of a complaint. The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court)." (First Informational Order, ECF No. 4 at ¶ 6.)