1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER, | CASE No. 1:12-cv-00860-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |
| v. | |
| K. ALICESON, et al., | (ECF Nos. 13, 14) |
| | FOURTEEN (14) DAY DEADLINE |
| Defendants. | |
| _____/ | |

## I.   PROCEDURAL HISTORY

Plaintiff Eric Wheeler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed May 25, 2012 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff declined to extend Magistrate Judge jurisdiction to all matters and for all purposes in this case. (Decline Magistrate, ECF No. 8.)

-1-

1
2
3
4
5
6

Plaintiff filed a First Amended Complaint on June 7, 2012 (First Am. Compl., ECF No. 7) without the original Complaint having been screened by the Court. The Court dismissed the First Amended Complaint on January 3, 2013, for failure to state a claim, but gave leave to file an amended complaint. (Order Dismiss. First Am. Compl., ECF No. 15.)

7
8
9
10
11
12
13
14
15
16
17
18

Pending before the Court are Plaintiff's motion for order of preliminary injunction and temporary restraining order (Mot. Inj., ECF No. 13), and addendum to motion for order of preliminary injunction and temporary restraining order.[1] (Adden. Mot. Inj., ECF No. 14.) Plaintiff wants the Court to enjoin Defendants and all persons acting in concert with them from (1) denying him access to mental health care, (2) harassment, retaliation, and reprisal, and (3) arbitrary and capricious transfer and classification. (Mot. Inj. at 1:25-2:15.) He also wants enjoin Defendants from the retaliatory placing of false documents, chronos and reports relating to events in issue in his inmate files and Defendants Isira, Garcia, Trevino, Goss, and Fisher from accessing his inmate files. (Adden. Mot. Inj. at 3.)

19

**II.   LEGAL STANDARD**

20
21
22
23
24

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

25
26
27

---

[1] Plaintiff provides no authority for his purported addendum; nor does local rule allow for it. Local Rule 230(l). Nonetheless, given Plaintiff's pro se status, the Court has reviewed and considered the addendum in ruling on this motion.

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20. An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act of 1995 ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief should be used "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

## III.   **ARGUMENT**

Plaintiff asserts that Defendants, the warden and individual mental health staff members at the California Substance Abuse and Treatment Facility at Corcoran State Prison ("CSATF"), have denied him mental health care and therapy, apparently by excluding him from the G-Facility Extended Out Patient ("EOP") mental health program, (Mot. Inj. at 1:18-19, 4:1-3) and that this exclusion is because of false charges of stalking and threatening EOP staff, his reports of staff's unprofessional and unethical conduct and a related campaign of harassment and retaliation by Defendants and those acting in concert with them. (Affid. in Supp. at 1:10-18.)

Plaintiff further asserts that even if he is allowed access to the EOP program, he would be subject to potential ongoing harassment and retaliation including rules

violation, Ad-Seg, adverse punishment, adverse classification, and possible transfer. (Id. at 1:19-27.)

Plaintiff supports his motion with his underlying pleading, his declaration attached as Exhibit A to the instant motion (Decl. in Supp.), the addendum to motion, and his declaration in support of the addendum. (Decl. in Supp. of Adden.)

## IV. ANALYSIS

### A. No Relief Against Non-Party

Plaintiff seeks injunctive relief against unnamed "PVSP officials." He may not request injunctive relief against non-parties. Plaintiff can not seek relief against a party not named in his pleading. Fed. R. Civ. P. 8(a). Generalized injunctive relief against unidentified California Department of Corrections and Rehabilitation ("CDCR") staff is not permissible. The PLRA states that:

> [T]he court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A). Similar requirements apply with respect to temporary restraining orders and preliminary injunctive relief. See 18 U.S.C. § 3626(a)(2).

### B. No Likelihood of Success on the Merits

Plaintiff has failed at this early stage of the litigation to allege facts demonstrating a likelihood of success on the merits.

-4-

### 1.   Case or Controversy

His underlying pleadings, like the instant motion and addendum thereto, allege retaliation, deliberate indifference to mental health needs through EOP exclusion and failure to protect from risks presented thereby and related due process and ADA deprivations.  He seek an order enjoining the foregoing federal violations.

Plaintiff's First Amended Complaint has been dismissed for failure to state a claim. (Order Dismiss. First Am. Compl. at 19:22-23.) Plaintiff, having yet failed to plead a cognizable federal claim, has no case or controversy pending before the Court. See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to reach the matter in question.

### 2.   Retaliation

Plaintiff fails to demonstrate any likelihood of success on his claim of First Amendment retaliation against the named Defendants. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

To establish a prima facie case, a plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity and that defendants' actions did not serve a legitimate penologic purpose. See Barnett v. Centoni, 31 F.3d 813, 816

(9th Cir. 1994); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). His protected

conduct must be a " 'substantial' or 'motivating' factor behind the defendant's conduct."

Id., quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

A plaintiff must show defendant's actions would be sufficient to chill or silence a

person of ordinary firmness from future First Amendment activities, Rhodes, 408 F.3d

at 568–69), citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300

(9th Cir. 1999), and did not advance legitimate goals of the correctional institution or

was not tailored narrowly enough to achieve such goals. Rizzo, 778 F.2d at 532.

The allegations in Plaintiff's instant motion and addendum, like those in his

underlying pleadings, do not show that any of the Defendants threatened or took

adverse and harmful action without a legitimate penologic purpose and in retaliation for

exercise of his constitutional rights. He offers only his belief and expectation without

providing any facts as to the bases for his said belief. He offers no context. There is no

information as to what protected activities he engaged in and when,[2] Defendants'

awareness thereof, the adverse action taken in response to such protected conduct

without penologic purpose, and facts supporting Plaintiff's claim that the action was

retaliatory and not properly motivated.

Harassment alone generally is not actionable under § 1983. "Verbal harassment

or abuse . . . is not sufficient to state a constitutional deprivation[.]" Oltarzewski v.

Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), quoting Collins v. Cundy, 603 F.2d 825

---

[2] Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent.  See Pratt 65 F.3d at 808; Soranno's Gasco, Inc., 874 F.2d at 1316.

(10th Cir. 1979).

### 3. Mental Health Care and Treatment

Plaintiff fails to demonstrate any likelihood of success on his claim of Eighth Amendment inadequate mental health care and treatment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.' " Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). The two prong test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

This principle extends to an inmate's mental health care needs. Smith v. Jenkins, 919 F.2d 90, 92–93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental health care needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id.

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096, citing McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

-7-

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105–06. A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here too, the allegations in Plaintiff's motion and addendum, like those in his underlying pleadings, do not show a serious mental health need or a deliberately indifferent response to that need causing Plaintiff harm.  Again, P]laintiff provides only speculation and surmise without supporting context. It is unclear what mental health needs Plaintiff might have, how any such needs might affect his daily activities, why he believes he is entitled to access to the EOP program, why he is denied access and how, if at all, denial of EOP access has harmed him.

4.    Failure to Protect

Plaintiff fails to demonstrate any likelihood of success on his claim of Eighth Amendment failure to protect from serious risk of harm.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991).

Again nothing before the Court  show that any Defendant knew of, but disregarded, an excessive risk to Plaintiff's safety. Farmer, 511 U.S. at 837. It is unclear what mental health and safety risks are presented, the nature, extent and duration thereof, Defendants' awareness of such risks, and Defendants' deliberate indifference to them. Plaintiff belief based upon his mere speculation and conjecture is not sufficient to state an Eighth Amendment claim.

5.    Due Process

Plaintiff fails to demonstrate any likelihood of success on his claim of Fourteenth Amendment due process deprivation.

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986).

15
16
17
18
19
20
21
22

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466–68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

23
24
25
26
27

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in

administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff's allegations, do not identify a liberty interest or allege other facts sufficient under the above standards to suggest he was deprived of a constitutionally protected interest without procedural due process. Plaintiff's housing status, classification, and mental health chronology are not before the court in the record. His conclusory allegations of potential adverse conditions of confinement, care and treatment are not a sufficient basis for a Fourteenth Amendment due process claim.

Plaintiff has no constitutional right to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's classification decisions.) "There is no constitutional right for a state prisoner . . . to be housed in a particular portion or unit of a correctional institution." Merriweather v. Reynolds, 586 F.Supp.2d 548, 557 (D.S.C. 2008), citing Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement. Wilkinson v. Austin, 545 U.S. 209, 221–22 (2005). An inmate has no liberty interest in avoiding solitary confinement. See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest

in being free from confinement in the SHU.)

Plaintiff's assertion that Defendants have violated Title 15 regulations regarding professional and ethical conduct is not a basis for a § 1983 claim. The Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations. See e.g. Gonzaga University v. Doe, 536 U.S. 273, 283–86 (2002) (basing a claim on an implied private right of action requires a showing that the statute both contains explicit rights-creating terms and manifests an intent to create a private remedy); accord Parra v. Hernandez, 2009 WL 3818376 at *8 (S.D. Cal. Nov.13, 2009); Davis v. Kissinger, 2009 WL 256574 at *12 n.4 (E.D. Cal. Feb.3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

**C.   No Irreparable Harm**

Plaintiff has failed to demonstrate irreparable harm. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.")

Plaintiff claims denial of access to the EOP program, and that even if he had access to the EOP program, he would be subject to potential ongoing harassment and retaliation including rules violation, Ad-Seg, adverse punishment, adverse classification, and possible transfer. He fails to show he has been denied access to the EOP program in violation of his federal rights, for the reasons stated above. His allegations as to potential future harassment and retaliation are purely speculative.

Accordingly, there is no factual or legal support for any claimed harm. The

-12-

underlying First Amended Complaint has been dismissed for failure to state any cognizable federal claim. The instant motion and addendum thereto do not allege facts sufficient to show any violation of Plaintiff's First, Eighth, and Fourteenth Amendment rights. No risk of harm can be supported thereby.

        **D.**      **Balance of Equities and Public Interest Not in Plaintiff's Favor**

The absence of a showing of likelihood of success on the merits, and of irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor, or suggest that an injunction would be in the public interest.

In any event, absent the existence of exceptional circumstances not present here, the Court will not intervene in the day-to-day management of prisons. See e.g., Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (prison officials entitled to substantial deference); Sandin, 515 U.S. at 482-83 (disapproving the involvement of federal courts in the day-to-day-management of prisons.)

Plaintiff's allegations do not support an entitlement to injunctive relief.

**V.**    **CONCLUSIONS AND RECOMMENDATION**

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for order of preliminary injunction and temporary restraining order (ECF No. 13), and addendum to motion for order of preliminary injunction and temporary restraining order (ECF No. 14) be DENIED without prejudice. These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14)

days after being served with these findings and recommendation, any party may file

written objections with the Court and serve a copy on all parties. Such a document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

Any reply to the objections shall be served and filed within ten (10) days after service of

the objections. The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d

1153 (9th Cir. 1991).


IT IS SO ORDERED.


Dated:   January 8, 2013          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE