# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>    Plaintiff,<br><br>  v.<br><br>K. ALICESON, et al.,<br><br>    Defendants. | Case No.  1:12-cv-00860-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE CLAIMS IN SECOND AMENDED COMPLAINT AGAINST DEFENDANTS GARCIA, GOSS, TREVINO, ISIRA, AND COFFIN, and (2) DISMISSING DEFENDANTS DIAZ AND ALICESON**<br><br>**(ECF No. 17)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Eric Wheeler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's Second Amended Complaint is now before the Court for screening.

For the reasons set forth below, the undersigned finds the Second Amended Complaint states a retaliation claim against Defendants Garcia, Goss, Trevino, Isira and Coffin, and medical indifference and negligence claims against Defendant Isira, but no other claim. The undersigned recommends the Second Amended Complaint be served upon Defendants Garcia, Goss, Trevino, Isira and Coffin, and dismissed with prejudice

1

as to Defendants Diaz and Aliceson.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

## III.     PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants: (1) Diaz, current Warden, California Substance Abuse and Treatment Facility ("CSATF"), (2) Aliceson, former CSATF Warden in office at time of alleged events,[1] (3) Coffin, CSATF Chief of Mental Health, (4) Garcia, CSATF Clinical Social Worker, (5) Goss, CSATF Psychiatric Technician, (6) Trevino, CSATF Clinical Social Worker, (7) Isira, CSATF Psychologist.

His allegations can be summarized as follows:

Plaintiff suffers serious depression, post-traumatic stress and anxiety disorders.

Defendants allowed him to be housed in overcrowded and understaffed Enhanced Outpatient Program ("EOP") and non-EOP facilities; placed fabricated, harmful mental health reports in his file; allowed these reports to be accessed by other inmates contrary to departmental standards resulting in his altercation with an inmate and use of force against him by guards and his placement in Administrative Segregation ("AdSeg").

Plaintiff complained of the foregoing in grievances and in a June 14, 2011 letter to Warden Aliceson. Defendants Garcia, Goss and Trevino retaliated. They made false entries in his file and chrono's. Garcia falsely accused him of overfamiliarity, stalking females, and threatening behavior, resulting in a rules violation proceeding in which Plaintiff ultimately was found not guilty, and in transfer from EOP housing to non-EOP housing in an overcrowded Gym where his mental health condition could not be treated and accommodated.

Isira conspired with Garcia, Trevino, and Goss in retaliating against Plaintiff, by

---

[1] The Second Amended Complaint variously refers to this Defendant as "Allison".

3

intentionally falsifying medical records, misdiagnosing him as not suffering from any substantiated mental health disorder, providing unacceptable mental health care, and facilitating termination of EOP level of care whereupon Plaintiff was housed in the Gym.

Four months later, Plaintiff was examined by a non-party mental health provider who correctly diagnosed his serious mental health conditions and transferred Plaintiff back to the EOP level of care.

Defendant supervisors Diaz, Aliceson and Coffin were aware of and disregarded the above actions of the subordinate Defendants.

Defendants violated the First, Eighth and Fourteenth Amendments to the U.S. Constitution, the Americans with Disabilities Act (ADA), and state medical negligence law, causing Plaintiff physical and emotion harm, for which he seeks (1) an order enjoining Defendants from the above conduct, (2) a declaration his rights have been violated, and (3) monetary damages.

**IV.   ANAYLSIS**

   **A.   Linking Supervisory Defendants to Violations**

Plaintiff claims supervisory Defendants Diaz and Aliceson caused or participated in the violations alleged. A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff states no facts suggesting Defendant Diaz had any knowledge of or involvement in the alleged violations. Though Plaintiff's June 14, 2011 letter complaint

was directed to Defendant Aliceson, nothing suggests Aliceson received the letter or was aware of it. The letter was responded to by Defendant Coffin.

Plaintiff, having been previously instructed on the legal standard, shows no "link" between these Defendants and the alleged rights violations. Nothing suggests these individuals personally acted or failed to act so as to violate his rights. Mere conclusions, speculation and surmise are not sufficient to state a claim against these Defendants. Further leave to amend should be denied as futile.

### B.     Retaliation

Plaintiff claims Defendants Garcia, Goss, Trevino and Isira conspired in retaliating for his grievances and complaint of staff misconduct by falsifying reports and chrono's, providing inadequate mental health care, and causing him to be removed from the EOP level of care. Plaintiff further claims Defendant Coffin, who supervised these Defendants, was aware of retaliatory actions yet failed to protect Plaintiff.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's alleges Defendants Garcia, Goss, Trevino and Isira were aware of his staff complaints and grievances, and shortly thereafter made false reports designed to remove him from the EOP unit. He further alleges that because these reports were ultimately determined to be false, no institutional purpose was served thereby.

The allegations are sufficient on screening to state a retaliation claim against these Defendants. The facts alleged and circumstantial evidence therefrom suggest protected conduct was a "substantial or motivating factor behind the [Defendants'] conduct." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009), quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989), and that no institutional

purpose was served thereby. Rhodes, 408 F.3d at 568.

Plaintiff further alleges that Defendant Coffin was on notice of said retaliation as shown by Coffin's response to Plaintiff's June 14, 2011 letter complaint directed to Aliceson. These allegations are sufficient to suggest Coffin was aware of retaliatory conduct by his subordinates and failed to respond and prevent further retaliation, notwithstanding opportunity to do so.

### C. Deliberate Indifference

#### 1. Conditions of Confinement

Plaintiff claims Defendants were indifferent to risks posed by overcrowding, understaffing, and staff misconduct.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Overcrowding, combined with other factors such as violence or inadequate staffing may in some circumstances give rise to an Eighth Amendment violation. Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 471 (9th Cir. 1989).

Plaintiff is vague as to his conditions of confinement, both in the EOP unit and the Gym. He claims that housing was 200% of capacity; he did not feel safe; two other inmates had attempted suicide; and recreational programs such as the hobby program had been eliminated. However, he does not provide factual detail as to the conditions and risks, if any, he actually faced, how Defendants were linked to those conditions and risks, and how and why the conditions and risks caused him harm. The same is true of his assertion that EOP staff misconduct caused an inmate to attack him. He attributes

6

this apparently isolated occurrence to wrongful disclosure of information from his file. However, he does not explain what information was disclosed, how, when and by whom, why the disclosure was wrongful, how and why the disclosure was related to his conditions of confinement, and why he believes the disclosure caused the altercation and harm to him.

In short, the facts alleged do not link Defendants to overcrowding, understaffing, or misconduct of such severity and duration that Plaintiff faced a substantial risk of serious harm. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (in determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered).

Nor is a lack of programs and activities alone a basis for federal claim. See e.g., Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Balla, 869 F.2d at 471, "Idleness and the lack of [vocational and rehabilitative] programs" do not violate the Eighth Amendment. See Toussaint v. McCarthy, 801 F.2d 1080, 1106-08 (9th Cir. 1986), overruled in part on other grounds, Sandin v. Conner, 515 U.S. 472 (1995).

Even if facts of serious risk were alleged, Plaintiff does not demonstrate that any Defendant was aware of such risk, had the ability to respond to it, and then failed to respond and protect him. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1991). Nothing suggests Defendants acted with a sufficiently culpable state of mind, i.e., "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 303 (1991).

Plaintiff, having been previously instructed on the legal standard, does not state a claim for indifference to conditions of confinement. Mere conclusions, speculation and surmise are not sufficient to state a claim. Further leave to amend should be denied as futile.

        2.        Medical Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment,

an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976). This requires plaintiff show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).

This principle extends to an inmate's mental-health-care needs. Smith v. Jenkins, 919 F.2d 90, 92-93 (8th Cir. 1990). Deliberate indifference by prison personnel to an inmate's serious mental-health-care-needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Id.

Where a delay in treatment is alleged, the plaintiff must show delay led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay only rises to a constitutional violation if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Here, Plaintiff claims major depressive and chronic post-traumatic stress disorders for which he had a prescribed mental health treatment plan including EOP therapy. These allegations are sufficient to show a serious medical need. See Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D. Wis. 2005), citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997) ("serious medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment).

Plaintiff contends Defendants did not adequately and acceptably treat his mental health condition; that Defendant Isira intentionally misdiagnosed him and caused EOP level care and treatment to be terminated; and that Isira's actions were reversed several months later by another health care practitioner. The allegations against Isisa suggest a knowing denial of care and are sufficient to claim medical indifference against Isira.

1   However, Plaintiff's allegations of medical indifference against the other Defendants arise from his mere disagreement with treatment provided. No facts suggest these Defendants provided medically unacceptable treatment. An inmate's disagreement with treatment, or belief unsupported by any facts, that these Defendants provided "wrong" or "Improper" care is not alone sufficient to state medical indifference. "A difference of opinion between a prisoner-patient and prison medical authorities, and between medical professionals, regarding treatment does not give rise to a [§] 1983 claim", Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1981), unless the chosen course of treatment was medically unacceptable under the circumstances and in conscious disregard of an excessive risk to the prisoner's health. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

This is so even if these Defendants were negligent. See Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06 (mere 'indifference,' 'negligence,' or 'medical malpractice' will not support medical indifference claim). As to these Defendants, nothing suggests a difference of opinion among the treating health care professionals or that treatment fell below that which is medically acceptable.

Plaintiff, having been previously instructed on the legal standard, states medical indifference against Defendant Isira, but no other Defendant. Mere conclusions, speculation and surmise are not sufficient to state a claim against the other Defendants. Further leave to amend should be denied as futile.

**D.   ADA**

Plaintiff claims Defendants denied him access to the EOP program and in doing so denied accommodation of his mental disability.

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." 42 U.S.C. § 12132; Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1)[he] is a qualified individual with a disability, (2)[he] was excluded from participation in

9

or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

### 1. No Individual Liability

Plaintiff may not pursue his ADA claim against the individual Defendants named in the complaint. There is no individual liability under ADA Title II. See Heinke v. County of Tehama Sheriff's Dept., No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 01, 2013).

Plaintiff does not allege facts showing Defendants acted in an official capacity. No CDCR system-wide decision making authority or policy or practice is alleged in the ADA claim. Plaintiff may not name the individual Defendants in an official capacity.

### 2. No Programmatic Exclusion

Plaintiff does not allege he was excluded from the EOP unit on the basis of his mental condition. Rather he claims his exclusion was retaliatory. (ECF No. 17, at 21:24-25, 24;7-8.) This is not a basis for an ADA claim. Plaintiff has not shown Defendants acted "by reason of" and with "deliberate indifference to" his disability. Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997).

### 3. Treatment Excluded from ADA

Plaintiff may not base an ADA claim on alleged denial of EOP level of mental health care. A lack of treatment for Plaintiff's medical condition is not a basis for an ADA claim. Burger v. Bloomberg, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims).

Plaintiff, having been previously instructed on the legal standard, fails to allege facts stating an ADA claim. Further leave to amend should be denied as futile.

### E. Due Process

Plaintiff claims handling of his 602 grievances, falsification of his records and transfer out of EOP housing violated his due process rights.

### 1. No Independent Right re Grievances

10

Plaintiff may not state a due process claim arising solely from processing and denial of his 602 grievances. Prison staff actions in responding to Plaintiff's prison appeal and grievance alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

### 2. No Independent Right to Correct Prison Records

Plaintiff has no free standing right to a correct prison file. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement and an independent right to an accurate prison record, grounded in the Due Process Clause, has not been recognized. Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987). Under state law, liberty interests created by prison regulations are limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, and Plaintiff's allegations concerning his prison record do not support a claim for relief. Wilkinson v. Austin, 545 U.S. 209, 221 (2005), citing Sandin, 515 U.S. at 484.

### 3. No Independent Right to Classification and Program

Plaintiff does not have a due process liberty interest in his classification or program. Hewitt v. Helms, 459 U.S. 460, 468 (1983), overruled on other grounds by Sandin, 515 U.S. 472; accord Hernandez, 833 F.2d at 1318. Plaintiff does not identify and support with facts any liberty interest under the above standard.

Nor does Plaintiff identify any procedural rights due, at hearing or otherwise, that were denied him.

Plaintiff, having been previously instructed on the legal standard, fails to allege facts sufficient to claim violation of his due process rights. Mere conclusions,

speculation and surmise are not sufficient to state a claim. Further leave to amend should be denied as futile.

### F. Medical Malpractice

Plaintiff claims care provided by Defendant Isira was medically negligent.

"To establish a medical malpractice claim, the plaintiff must allege: (1) defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to plaintiff as a result of that breach-proximate or legal cause; and (4) damage to plaintiff." Rightley v. Alexander, 1995 WL 437710 at *3 (N.D. Cal. July 13, 1995), citing Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (Cal. 1978); 6 B.E. Witkin, Summary of California Law, Torts § 732 (9th ed.1988). "[M]edical personnel are held in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and exercised by members of their profession in similar circumstances." Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988).

Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he alleges facts demonstrating presentation of a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 209 (Cal. 2007); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4.

Plaintiff complains that Defendant Isira intentionally misdiagnosed him, depriving him of mental health treatment, in retaliation for Plaintiff's protected activity; that these actions were reversed soon thereafter by a different health care provider; that Plaintiff filed a CTCA claim and received a right to sue following rejection of the claim by the state on August 16, 2012.

These allegations are sufficient on screening to claim state law medical negligence against Defendant Isira within the Court's supplemental jurisdiction.

### G. Injunctive Relief

Plaintiff seeks an order enjoining Defendants from the above conduct.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff's complaint does not demonstrate a need for and entitlement to injunctive relief. The record reflects Plaintiff is no longer housed at CSATF, (ECF No. 23), rendering moot (unnecessary) such injunctive relief. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991). Exposure to past harm is not a basis for injunctive relief. See City of Los Angeles, 461 U.S. at 101–02 ("past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects.").

Plaintiff, previously having been instructed on the legal standard, can not allege facts showing a need for and entitlement to requested injunctive relief. Leave to amend would be futile and should be denied.

### H. Declaratory Relief

Plaintiff requests a declaratory judgment that Defendants violated his rights.

With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose

in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Here, any judgment that may be entered in Plaintiff's favor will constitute a declaration his rights were violated. Plaintiff is not in need of and entitled to declaratory relief. Leave to amend would be futile and should be denied.

**V.     LEGAL CONCLUSIONS AND RECOMMENDATIONS**

The undersigned concludes that Plaintiff's Second Amended Complaint states a retaliation claim for damages against Defendants Garcia, Goss, Trevino, Isira and Coffin, and medical indifference and negligence claims for damages against Defendant Isira, but no other claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff should proceed on the Second Amended Complaint retaliation claim for damages against Defendants Garcia, Goss, Trevino, Isira and Coffin, and medical indifference and negligence claims for damages against Defendant Isira,

2. All other claims asserted in the Second Amended Complaint and Defendants Diaz and Aliceson should be dismissed with prejudice,

3. Service should be initiated on the following Defendants:

    GARCIA, CSATF Clinical Social Worker,

    GOSS, CSATF Psychiatric Technician,

    TREVINO, CSATF Clinical Social Worker,

    ISIRA, CSATF Psychologist,

    COFFIN, CSATF Chief of Mental Health,

4. The Clerk of the Court should send Plaintiff five (5) USM-285 forms, five (5) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed January 22, 2013,

14

5. Within thirty (30) days from the date of adoption of these findings and recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

    a. Completed summons,

    b. One completed USM-285 form for each Defendant listed above,

    c. Six (6) copies of the endorsed Second Amended Complaint filed January 22, 2013, and

6. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 28, 2014        /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE