1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10   ERIC WHEELER,                    Case No.  1:12-cv-00860-LJO-MJS (PC)

11          Plaintiff,

12      v.                            **ORDER:**

13   K. ALICESON, et al.,             **(1) DENYING PLAINTIFF'S MOTION TO SEAL AND FOR PROTECTIVE ORDER (ECF No. 46);**

14          Defendants.

15                                    **(2) DIRECTING CLERK'S OFFICE TO RETURN PLAINTIFF'S NOVEMBER 26, 2014 DECLARATION TO PLAINTIFF;**

16                                    **(3) DENYING PLAINTIFF'S MOTION TO PRESEVE EVIDENCE (ECF No. 44);**

17

18                                    **(4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY (ECF Nos. 43 and 69);**

19

20                                    **(5) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF No. 67);**

21

22                                    **(6) DENYING PLAINTIFF'S REQUESTS FOR SUBPOENAS DUCES TECUM (ECF Nos. 45, 59, and 60);**

23

24                                    **(7) DENYING AS MOOT PLAINTIFF'S MOTION FOR COURT ORDER REGARDING COPIES (ECF No. 48);**

25

26                                    **(8) DENYING PLAINTIFF'S MOTION FOR COURT ORDER REGARDING REVIEW OF CENTRAL FILE (ECF No. 52);**

27

28

**(9) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND PLEADINGS (ECF No. 47);**

**(10) GRANTING MOTIONS TO EXTEND DISCOVERY CUT-OFF (ECF Nos. 65 and 67);**

**(11) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT (ECF No. 77);**

**(12) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS (ECF No. 76); AND**

**(13) GRANTING PLAINTIFF'S MOTIONS FOR STATUS (ECF No. 66 and 82).**

**THIRTY (30) DAY DEADLINE TO PROVIDE DOCUMENTS IN RESPONSE TO ORDER ON MOTION TO COMPEL**

**FOURTEEN (14) DAY DEADLINE TO SEEK LEAVE TO FILE AN AMENDED COMPLAINT**

**AUGUST 14, 2015 DISCOVERY CUT-OFF**

**SEPTEMBER 4, 2015 DEADLINE TO FILE SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 5.) The action proceeds against Defendants Garcia, Goss, Trevino, Isira, and Coffin on Plaintiff's First Amendment retaliation claim, and against Defendant Isira on Plaintiff's Eighth Amendment medical indifference and state law negligence claims.

This order addresses the following motions:

On December 2, 2014, Plaintiff filed a motion to compel further responses to his request for production of documents, set one. (ECF No. 43.) Defendants filed an

2

opposition. (ECF No. 54.) Plaintiff filed a reply. (ECF No. 56.)

On December 3, 2014, Plaintiff filed an "Ex Parte Motion for a Court Order Prohibiting Defendant Garcia's Removal, Destruction, and/or Concealing Essential Evidence" and a request that certain information be submitted to Plaintiff. (ECF No. 44.) Defendants filed an opposition. (ECF No. 51.) Plaintiff filed a reply. (ECF No. 58.)

Also on December 3, 2014, Plaintiff filed a motion for a subpoena duces tecum. (ECF No. 45.) Defendants filed an opposition. (ECF No. 50.) Plaintiff filed a reply. (ECF No. 55.)

Also on December 3, 2014, Plaintiff filed a motion to seal documents and for a protective order. (ECF No. 46.) Defendants filed an opposition. (ECF No. 49.) Plaintiff filed a reply. (ECF No. 57.)

On December 8, 2014, Plaintiff filed a motion for extension of time to file an amended complaint. (ECF No. 47.) Defendants filed an opposition. (ECF No. 53.) Plaintiff filed a reply. (ECF No. 61.)

On December 12, 2014, Plaintiff filed a motion for a court order directing Defendants to copy documents for him. (ECF No. 48.) Defendants filed a response. (ECF No. 62.) Plaintiff filed no reply.

On December 22, 2014, Plaintiff filed a motion for a court order requiring Defendants to make his central file available for review for a reasonable amount of time. (ECF No. 52.) Defendants filed no opposition.

On December 31, 2014, Plaintiff filed a motion for a subpoena duces tecum. (ECF No. 59.) Defendants filed an opposition. (ECF No. 63.) Plaintiff filed a reply. (ECF No. 64.)

On January 5, 2015, Plaintiff filed a motion for a subpoena duces tecum. (ECF No. 60.) Defendants filed no opposition.

On January 29, 2015, Plaintiff moved to extend the discovery cut-off by sixty days. (ECF No. 65.) Defendants filed no opposition.

On February 4, 2015, Plaintiff filed a motion requesting the status of his motions.

1  (ECF No. 66.) Defendants filed no opposition.

2  On February 9, 2015, Defendants moved to (1) compel Plaintiff's response to

3  deposition questions, (2) compel Plaintiff to produce documents, and (3) modify the

4  discovery and scheduling order. (ECF No. 67.) Plaintiff filed an opposition. (ECF No.

5  71.) Defendants filed a reply. (ECF No. 72.)

6  On February 9, 2015, Plaintiff filed a motion to compel a further response to his

7  requests for production of documents, sets one and three. (ECF No. 69.) Defendants

8  filed an opposition. (ECF No. 70.) Plaintiff filed a reply. (ECF No. 73.)

9  On April 20, 2015, Defendants filed a motion for summary judgment. (ECF No.

10  74.) Plaintiff filed an opposition. (ECF No. 81.) The motion for summary judgment is not

11  fully briefed and is not addressed herein.

12  On April 20, 2015, Plaintiff filed a motion for the appointment of an expert

13  witness. (ECF No. 76.) Defendants filed an opposition. (ECF No. 79.) Plaintiff filed a

14  reply. (ECF No. 80.)

15  On April 24, 2015, Plaintiff filed a motion for a sixty day extension of time to

16  oppose Defendants' motion for summary judgment. (ECF No. 77.) Defendants filed no

17  opposition.

18  On May 22, 2015, Plaintiff filed a letter complainING that his motions had not

19  been ruled on. (ECF No. 82.)

20  These matters are deemed submitted. Local Rule 230(*l*).

21  **II.    PLAINTIFF'S CLAIMS**

22  Plaintiff currently is housed at Mule Creek State Prison but complains of acts that

23  occurred at California Substance Abuse Treatment Facility ("CSATF") in Corcoran,

24  California. The relevant allegations in Plaintiff's second amended complaint may be

25  summarized essentially as follows:

26  Plaintiff suffers from depression, post-traumatic stress, and anxiety.

27  From June 7, 2010 to January 19, 2011 and from March 24, 2011 to June 15,

28  2011, he was housed in the Enhanced Outpatient Program ("EOP") portion of Facility G-

1. On January 19, 2011, Plaintiff was involved in an altercation with another inmate, resulting in the use of force against Plaintiff by correctional officers and Plaintiff's placement in Administrative Segregation. Plaintiff filed administrative grievances regarding this incident and other conduct by Facility G-1 staff.

During May and June of 2011, Plaintiff observed staff misconduct on the part of Defendants, including improper utilization of computer resources. Plaintiff wrote a letter to the Warden detailing violations of CDCR standards.

Defendants Garcia, Goss, and Trevino retaliated against Plaintiff for his administrative grievances and letter to the Warden. They made false entries in his file and chronos. Plaintiff also was transferred to non-EOP housing in an overcrowded gym where his mental health condition could not be effectively treated or accommodated. Garcia falsely accused Plaintiff of overfamiliarity, stalking females, and threatening behavior. These accusations led to a rules violation proceeding in which Plaintiff was found not guilty. Plaintiff claims Defendant Coffin was aware of this retaliation and failed to protect Plaintiff.

Defendant Isira, in concert with the other Defendants, also retaliated against Plaintiff by intentionally falsifying medical records, misdiagnosing Plaintiff as not suffering from a substantiated mental health disorder, providing unacceptable mental health care, and terminating Plaintiff's EOP level of care, resulting in Plaintiff being housed in the gym.

Four months later, Plaintiff was examined by a non-party mental health provider who correctly diagnosed his mental health conditions and transferred Plaintiff back to the EOP level of care.

## III.   MOTION TO SEAL DOCUMENTS AND FOR PROTECTIVE ORDER

### A.   Basis for Plaintiff's Motion

The majority of Plaintiff's motions discussed herein cannot be understood without

a brief overview of his theories against Defendant Garcia.[1] According to Plaintiff, Defendant Garcia engaged in overfamiliarity with inmates throughout her time at CSATF. This overfamiliarity extended to Plaintiff. Plaintiff witnessed her overfamiliarity with other inmates and viewed highly personal items and photographs belonging to Garcia and other inmates in Garcia's office. Plaintiff apparently believes Defendant Garcia retaliated against him in part because he was aware of her overfamiliarity with inmates. Plaintiff himself was found not guilty of overfamiliarity on a rules violation report initiated by Defendant Garcia. He believes the not guilty finding supports his theory that the rules violation report and Garcia's other conduct was retaliatory.

## B.  Arguments

Plaintiff's motion to file documents under seal and for a protective order (ECF No. 46) seeks to file under seal his own declaration describing Defendant Garcia's "personal activities" during the workday, as well as personal information including her prior home address. He contends that his knowledge of this information is relevant to establish why Defendant Garcia retaliated against him, why he was denied treatment, and why he was removed from the EOP program. He appears to contend that, if Defendant Garcia was aware of the extent of Plaintiff's knowledge of her activities, she would destroy evidence, specifically items given to her by inmates when she worked at CSATF. Additionally, Plaintiff claims the information is relevant to impeach Defendant Garcia. He believes the declaration he wishes to seal supports granting his other motions, discussed below.

Defendants oppose the motion on the grounds Plaintiff has failed to demonstrate how disclosure of the declaration would be used for improper purposes, and the declaration otherwise would be discoverable. (ECF No. 49.) They contend that, because Plaintiff's numerous other filings have made clear his intent to utilize items given to Defendant Garcia by inmates as evidence, this intention is no longer secret, and the

---

[1] The basis for Plaintiff's motion and his claims against Defendant Garcia may be gleaned from his multiple filings in the public record. Discussion of these claims does not require disclosure of material in the document Plaintiff wishes to seal.

sealing of his declaration would accomplish no useful purpose. Although Defendants agree that Garcia's home address should not be made public, they contend that it need not be included in Plaintiff's declaration, or alternatively could be redacted. They also ask that Plaintiff be ordered to provide an unredacted copy of his declaration to defense counsel.

In reply, Plaintiff maintains that sealing is warranted to protect Defendant Garcia due to the personal nature of the information contained in the declaration. (ECF No. 57.) He argues that the declaration should not be given to defense counsel because doing so would allow Defendant Garcia to "cover-up her wrong doing" and, in any event, defense counsel is not entitled to know the "defense strategies" that Plaintiff may or may not use in this case.

## C.    Ruling

Filings in cases such as this are a matter of public record absent compelling justification. See United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks omitted) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure. See id. at 1178-79.

The Ninth Circuit has determined that the public's interest in non-dispositive motions is relatively lower than its interest in trial or a dispositive motion. Accordingly, a party seeking to seal a document attached to a non-dispositive motion need only demonstrate "good cause" to justify sealing. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (applying "good cause" standard to all non-dispositive motions because such motions "are often unrelated, or only tangentially related, to the underlying cause of action"). "The party seeking protection bears the burden of showing

1  specific prejudice or harm will result if no [protection] is granted." Phillips ex rel. Estates
2  of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002). That party must
3  make a "particularized showing of good cause with respect to any individual document."
4  San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose), 187 F.3d 1096,
5  1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples
6  or articulated reasoning" are insufficient. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d
7  470, 476 (9th Cir. 1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121
8  (3rd Cir. 1986)).

9       Plaintiff's belief that Defendant Garcia will destroy evidence if she is aware of the
10 extent of Plaintiff's knowledge of her activities is an insufficient basis to seal Plaintiff's
11 declaration. This contention appears to be based purely on speculation and is not
12 supported by specific examples or articulated reasoning. Additionally, Plaintiff has made
13 clear, through numerous filings in the public record, his intent to seek evidence of items
14 given to Garcia by inmates. The more detailed and salacious allegations in Plaintiff's
15 declaration do not provide evidence that Garcia intends to destroy evidence. Indeed,
16 and as discussed further below, it appears the evidence Plaintiff seeks was discarded
17 by Defendant Garcia prior to her becoming aware of the instant litigation.

18      The parties are in agreement that Defendant Garcia's home address should not
19 be made public. However, the Court sees no reason why Garcia's home address – or
20 Plaintiff's knowledge of that address – is relevant to resolution of Plaintiff's non-
21 dispositive motions. Further, to the extent it may be relevant that Plaintiff knows
22 Defendant Garcia's home address, Plaintiff may establish his knowledge through his
23 own declaration without specifically stating the address.

24      Additionally, Plaintiff's claim that Defendant is not entitled to information
25 regarding Plaintiff's litigation strategy is not entirely correct. Federal court is not a forum
26 in which disputes are resolved through the element of surprise. The purpose of
27 discovery is to make trial "less a game of blind man's buff and more a fair contest with
28 the basic issues and facts disclosed to the fullest practicable extent." U.S. v. Procter &

Gamble Co., 356 U.S. 677, 682 (1958). Just as Plaintiff may seek discovery of relevant, nonprivileged information from Defendants, so too may Defendants seek such information from Plaintiff.

Lastly, the Court cannot serve as a repository for the parties' evidence (e.g., prison or medical records, affidavits, declarations, etc.). The parties may not file evidence with the Court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). Although Plaintiff contends the declaration is relevant to his pending non-dispositive motions, it appears he wishes to use the declaration to support his claim on the merits. If this is the case, Plaintiff must submit his evidence in opposition to Defendants' motion for summary judgment.

Accordingly, Plaintiff's motion to seal and for a protective order (ECF No. 46) will be denied. Plaintiff's declaration will be returned to him. If Defendants wish, they may seek a copy of the declaration through discovery in the time frame set out below.

## IV.   MOTION TO PRESERVE EVIDENCE

On December 3, 2014, Plaintiff filed an "Ex Parte Motion for a Court Order Prohibiting Defendant Garcia's Removal, Destruction, and/or Concealing Essential Evidence" and a request that certain "evidence" be provided to Plaintiff. (ECF No. 44.) Specifically, Plaintiff seeks to prohibit Defendant Garcia from destroying art, greeting cards, drawings, poems, and letters given to her by inmates at CSATF from 2010 to 2012. Plaintiff states that this evidence is necessary to impeach Defendant Garcia and to establish her history of misconduct and overfamiliarity with inmates. He contends that Defendant Garcia will destroy this evidence or remove it from her current office at California State Prison—Los Angeles ("CSP-LAC"), in Lancaster, California, if she is aware that Plaintiff seeks it. He also asks that Defendant Garcia be required to submit such items to her attorney for copies to be made and provided to Plaintiff.

Defendants oppose the motion on the ground Plaintiff made no showing that Defendant Garcia is in possession of such items or likely to destroy them. By way of

1  offer of proof, Defendant Garcia states that she stopped working at CSATF on May 10,
2  2013, and disposed of the items given to her by CSATF inmates at that time. Although
3  she is prepared to testify regarding any items given to her, those items are no longer in
4  her possession, custody, or control. If she were in possession of the items, she would
5  provide them to Plaintiff in response to a proper discovery request, and would not
6  destroy them. The request that Plaintiff be provided copies of the items circumvents the
7  discovery process.

8       In reply, Plaintiff states that he is not seeking immediate production of the
9  disputed items, but will pursue them in the course of discovery. He states that the items
10 are still in Defendant's possession, custody or control.

11      Defendant Garcia states that the items at issue were disposed of in 2013.[2]
12 Plaintiff offers no proof to substantiate his assertion that the items remain in Garcia's
13 possession, custody, or control. In light of Defendant Garcia's destruction of the items,
14 Plaintiff's request to preserve them appears to be moot.

15      In any event, even if not moot, Plaintiff's motion will be denied. The motion is
16 properly treated as a motion seeking an order to preserve evidence. "Federal courts
17 have the implied or inherent power to issue preservation orders as part of their general
18 authority 'to manage their own affairs so as to achieve the orderly and expeditious
19 disposition of cases.'" American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1071
20 (C.D. Cal. 2009) (quoting Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 135-36
21 (2004)). Courts have articulated different tests for determining entitlement to a
22 preservation order but under either standard, Plaintiff fails to make the requisite showing

---

23  [2] "A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the
24  documents were potentially relevant to the litigation before they were destroyed." Leon v. IDX Sys.
    Corp.,464 F.3d 951, 959 (9th Cir. 2006) (internal quotation marks and citation omitted). Defendant Garcia
25  waived service in this action on June 5, 2014, (ECF No. 34) and there is no indication she otherwise was
    aware these documents were potentially relevant to litigation when they were destroyed, on or around
26  May 10, 2013. Additionally, it would appear the items have minimal, if any relevance to this action.
    Defendant Garcia is not being sued for misconduct or overfamiliarity with inmates, but for retaliation.
27  Although items indicating Defendant Garcia engaged in overfamiliarity with inmates would suggest that
    Plaintiff's purported complaints against her were true, such items do not necessarily establish that
28  Defendant retaliated against Plaintiff because of his complaints. In other words, Plaintiff may prove his
    case whether or not his administrative complaints against Defendant Garcia had merit.

1   of necessity. Id. at 1072 (discussing two standards for determining entitlement to

2   preservation order). However, Plaintiff's motion is not premised on any showing that

3   relevant and existing evidence is in danger of being destroyed, but on his unsupported

4   belief that Defendant Garcia will destroy evidence. Plaintiff has not shown that a

5   preservation order is needed due to any actual risk that specific evidence will be lost or

6   destroyed during the pendency of this action. Id. Generalized, unsupported concerns

7   simply do not suffice. Id.

8        Furthermore, Defendants have a duty to preserve evidence. "A party's

9   destruction of evidence qualifies as willful spoliation if the party has some notice that the

10  documents were potentially relevant to the litigation before they were destroyed," Leon,

11  464 F.3d at 959 (internal quotation marks and citation omitted). "A federal trial court has

12  the inherent discretionary power to make appropriate evidentiary rulings in response to

13  the destruction or spoliation of relevant evidence." Med. Lab. Mgmt. Consultants v. Am.

14  Broad. Cos., Inc., 306 F.3d 806, 824 (9th Cir. 2002) (internal quotation marks and

15  citation omitted).  The duty to preserve evidence, "backed by the court's inherent power

16  to impose sanctions for the destruction of such evidence, is sufficient in most cases to

17  secure the preservation of relevant evidence." Young v. Facebook, Inc., No. 5:10-cv-

18  03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010) (citing Leon, 464

19  F.3d at 959). To the extent any of the items at issue remain in Defendant Garcia's

20  possession, custody or control, Defendants' duty and the Court's inherent powers are

21  sufficient to ensure the preservation of this evidence without further court order.

22       Based on the foregoing, Plaintiff's motion for preservation of evidence will be

23  denied.

24  **V.     MOTIONS TO COMPEL**

25       **A.     Legal Standard**

26       The discovery process is subject to the overriding limitation of good faith. Asea,

27  Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain

28  discovery regarding any nonprivileged matter that is relevant to any party's claim or

1 | defense, and for good cause, the Court may order discovery of any matter relevant to
2 | the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information
3 | need not be admissible at the trial if the discovery appears reasonably calculated to
4 | lead to the discovery of admissible evidence. Id.

5 | Generally, if the responding party objects to a discovery request, the party
6 | moving to compel bears the burden of demonstrating why the objections are not
7 | justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1
8 | (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL
9 | 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the
10 | Court which discovery requests are the subject of the motion to compel, and, for each
11 | disputed response, why the information sought is relevant and why the responding
12 | party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v.
13 | Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21,
14 | 2011).

15 | The court must limit discovery if the burden of the proposed discovery outweighs
16 | its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination
17 | whether . . . information is discoverable because it is relevant to the claims or defenses
18 | depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory
19 | Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

20 | **B.    Plaintiff's Motions to Compel**

21 | **1.    December 2, 2014 Motion**

22 | On December 2, 2014, Plaintiff filed a motion to compel further responses to his
23 | Request for Production of Documents, Set No. 1. (ECF No. 43.) Having considered the
24 | motion, Defendants' opposition (ECF No. 54), Plaintiff's reply (ECF No. 56),[3] and the
25 | relevant discovery requests and responses, the Court rules as follows. Because
26 | resolution of Plaintiff's first request requires some understanding of his remaining

27 |
28 |

---

[3] As with many of Plaintiff's submissions, his 48-page reply attempts to address his claims on the merits, rather than responding to the discovery issues presented in his motion. These contentions are not properly raised and will not be addressed.

12

requests, his first request will be addressed last.

**a.     Request Nos. 1 (#2)[4], and 2**

**Request:**

In Request No. 1(#2), Plaintiff sought:

> All documents, including electronically stored information,
> deleted files, deleted matter, deleted information from
> computers, servers, printers, faxes of Rocio D. Garcia,
> M.S.W., located with in the workplace, work area, office(s) of
> Facility G, G-1 EOP Housing Unit, Section A, Garcia's
> workplace computer server, printer, which sats [sic] right
> next to office glass window, next to office door, or first
> computer on individual's right, as the individual steps thru
> office door, located in G-1 Building, section A, office of L.
> Goss, R. Garcia, including 2. All documents, web pages,
> web sites, maps from January 1, 2011 thru July 31, 2011,
> and from June, 2012, thru March 30, 2013.

Request No. 2 is nearly identical to Request No. 1(#2), but pertains to Defendant

Goss, rather than Defendant Garcia. The request also identifies a different location for

Defendant's printer, and specifies a slightly different date range.

**Response:**

Defendants responded to both requests as follows:

> Objection. The request is overbroad and not calculated to
> lead to the discovery of admissible evidence, in that the
> request includes all electronically stored information, deleted
> files, deleted matter, and deleted information from the
> responding party's computer, regardless whether the
> documents pertain to Plaintiff or Plaintiff's claim. The request
> further is unduly burdensome and potentially invades the
> privacy of the other inmates, as well as the responding
> parties. The request also potentially includes personnel
> information concerning the responding party, which are
> subject to the qualified privilege of official information and a
> federal common law privilege. Sanchez v. City of Santa Ana,
> 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are
> also protected by the privacy rights of staff, including federal
> common law and applicable California statutes including
> Penal Code sections 832.7, 832.8, Government Code
> section 6254 and Civil Code sections 1798.24 and 1798.40
> and California Code of Regulations Title 15, section 3400.
> Personnel files also are protected under California Evidence
> Code sections 1040, et. seq., including section 1043.

---

[4] Plaintiff apparently propounded two Requests No. 1.

**Arguments:**

Plaintiff contends that Defendants' response constitutes an insufficient boilerplate objection. Plaintiff's attempts to clarify his request, stating that he is not requesting other inmates' medical or mental health files, but rather deleted information regarding the Defendants' web searches, documents or information pertaining to Plaintiff, and documents or information (including personnel information) pertaining to Defendants. Plaintiff is not requesting what he characterizes as "personal information," which, to Plaintiff, means date of birth, social security number, tax information, and names of relatives. He contends Defendants have no right of privacy in state owned computer resources or deleted files. He further claims that the requested information is relevant to prove Defendants' misconduct, the constitutional violations at issue, to impeach Defendants' credibility, and to demonstrate bias.

Defendants maintain that the request is overbroad because it seeks information unrelated to Plaintiff or this action. They state that they have produced all e-mails generated by Defendants and relating to Plaintiff, and that any documents potentially reflecting bias therefore have been disclosed. Any further electronic information would not pertain to Plaintiff or his care, would not be relevant, and would violate the privacy of other inmates. They further contend that the request is overbroad as to time because it includes documents generated long before Plaintiff engaged in protected conduct, and long after the alleged retaliation.[5] Finally, Defendants contend that the computers used by Defendants Garcia and Goss have been replaced and cannot be retrieved. Data maintained on the proxy server for the relevant period is no longer backed up and cannot be made available unless it can be restored. Restoring the data would cost approximately $20,000.

---

[5] They also contend that Plaintiff's letter to the Warden did not address the conduct of these Defendants, but other personnel. Plaintiff vigorously disputes this assertion. The Court cannot resolve this dispute at this stage of the proceedings and, in any event, doing so is not necessary to resolve Plaintiff's motion to compel.

**Ruling:**

Plaintiff's request is overbroad and unduly burdensome. Requiring Defendants to comply with the request would permit Plaintiff to engage in an improper "fishing expedition." <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1072 (9th Cir. 2004). The question of whether Defendants Garcia and Goss improperly viewed websites for personal use during work hours has minimal relevance to this action, which proceeds against them only on Plaintiff's claim of retaliation. Defendants have produced paper copies of e-mail correspondence relating to Plaintiff, which would appear to be the only relevant information contained in Plaintiff's request. Plaintiff specifies no other relevant documents. He provides no basis for assuming that "deleted documents" exist. Discovery in this action does not provide a basis for Plaintiff to rifle through Defendants' computers or the proxy servers of the California Department of Corrections and Rehabilitation. Defendants will not be required to provide a further response to this request.

### b.    Request No. 3

**Request:**

> All documents, including electronically stored information, deleted Files, deleted matter, deleted information from computers, servers, printers, faxes used by Abdul Isira, Phy., located within the workplace, work area, office(s) (1.) That Adbul Isira used in November, December, 2012 at SATF S.P. (2.) The E. Facility Clinic office used by mental Health Staff, and any other E facility office used by mental health in July, 2011, thru November, 2011, and September 2013, thru January 31, 2013 (3.) Any other office, computer, fax, server used by A. Isira on any SATF Facility, including C.T.I. in October, November, December, 2012, and January, 2013, including any documents authored by A. Isira that was scanned and printed out by L. Maravilla, LCSW in E Clinic Mental Health office, E Facility, SATF S.P. in September, October, November, December, 2012, and January, February, 2013.

**Response:**

Defendants objected on the same grounds presented in response to Request Nos. 1(#2) and 2.

**Arguments:**

Plaintiff's arguments concerning this request are largely the same as his prior arguments. However, Plaintiff further specifies that he seeks information concerning a chrono written by Defendant Isira that allegedly was altered by Defendant Isira on December 4, 2012.

Defendants respond that the alleged retaliation by Defendant Isira occurred in 2011 and documents from 2012 will not lead to the discovery of admissible evidence.

In reply, Plaintiff attempts to explain further his basis for believing Defendant Isira altered chronos.

**Ruling:**

The Court is unable to discern the basis for Plaintiff's belief that Defendant Isira altered chronos. Nevertheless, the Court agrees with Plaintiff that chronos authored by Defendant Isira in 2011 would appear to be relevant to Plaintiff's claims. Alterations or edits to the 2011 chronos, even after the date of the alleged retaliation, also could potentially be relevant. Accordingly, Defendants will be ordered to conduct a diligent search of their records and to provide Plaintiff with copies of any and all chronos concerning Plaintiff and authored by Defendant Isira in 2011, including any later-edited or altered versions of those same chronos. Defendants shall file a notice of compliance in the record. To the extent Defendants believe any such chronos are too sensitive to be released to Plaintiff, they may seek relief from this order by filing the chronos for in camera review.

The remainder of Plaintiff's motion to compel a further response to this request will be denied on the same grounds stated with respect to Request Nos. 1(#2) and 2.

### c.   Request No. 4

**Request:**

> All requested documents, information by plaintiff is in the name(s) of Eric Wheeler and all/each of the individual named defendants as each authored any type document/information directly pertaining to Eric Wheeler in 2011, 2012 and 2013, in C Facility Mental Health offices,

16

Soars, Phy., Vickers, Phy. (4.) all documents including electronically stored information, deleted files, deleted matter, deleted information from SATF S.P. Records office of persons, defendants obtaining access to, checking out, reviewing Eric Wheeler's, E-82064, Central (C-File) File in December 2010, January thru August 2011 and October 1; [sic] 2011, thru December 30, 2011, June 1, 2012, thru December 30, 2012, January 1, 2013, thru March 28, 2013, and November 1, 2013, thru February 27, 2014.

**Response:**

Objection. The request is overbroad as to time and unduly burdensome. The request is vague and ambiguous as to the terms "Soars, Phy., Vickers, Phy. (4.)." The request improperly seeks discovery from a non-party. To the extent that the requested information is contained in Plaintiff's medical files, the request is unduly burdensome because it calls for the production of documents equally available to the propounding party.

Without waiving these objections, the responding parties state: the responding parties will produce all electronic documents generated by the Defendants concerning Plaintiff. (Attachment 1.) The responding parties also will produce documentation concerning access to Plaintiff's Central File. (Attachment 2.)

**Arguments:**

Plaintiff contends that Defendants' objections constitute impermissible boilerplate. He complains that Defendants did not have deleted information retrieved by computer technicians and therefore did not produce any deleted documents. He states that Soars and Vickers are Mental Health Supervisors. He states that he is not seeking information from his medical file. He appears to seek a May 31, 2012 chrono authored by Vickers. He appears to also seek an "Administration Records Office Log (sign in/sign out)" of Plaintiff's C-File.

Defendants argue that the request is overbroad because it refers to dates well beyond the events at issue in this case, which took place in 2011. With respect to the disputed chrono, they state that Plaintiff's claim to have reviewed it indicates it is contained in his medical file. To the extent Plaintiff is being untruthful and the chrono is not in Plaintiff's medical file, it contains sensitive information that should not be released to Plaintiff. Defendants offer to submit the chrono for in camera review, along with a

declaration from a licensed mental health care professional explaining why the document should not be released. Finally, Defendants contend that they have produced the requested information reflecting who accessed Plaintiff's Central File.

Plaintiff responds that he has seen the disputed chrono and it is not marked "confidential." Plaintiff disputes aspects of the chrono and argues that it displays bias on the part of non-party Vickers.

**Ruling:**

Plaintiff's request is unintelligible. In the Court's view, Defendants exceeded their discovery obligations by producing documents in response to this request. Defendant will not be required to provide a further response to this request.

To the extent Plaintiff intended in this request to obtain specific documents or information (such as specific chronos or logs), his request was not so worded. If Plaintiff wishes, he may request specific chronos or logs within the extended discovery time frame discussed below. Plaintiff's request for the disputed Vickers chrono is discussed below in relation to his February 9, 2015 motion to compel a further response to Request No. 9, Set 1.

### d.    Request No. 1

**Request:**

> Request(s) includes all encrypted passwords-protected [electronically stored information ("ESI")] (a) for any ESI that exists in encrypted format or is password protected, the producing party will provide the propounding party a means to gain access to those native files (by supplying password(s) etc.). (b.) The producing party will translate any data compilations/ESI included in the demand into reasonably useable form, in paper, in plain readable English.

**Response:**

> Objection. The seeks [sic] information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

18

> Without waiving these objections, the responding parties will provide paper copies of any documents produced in response to these requests.

**Arguments:**

Plaintiff argues that Defendants' claim of privilege constitutes an insufficient boilerplate objection. He contends that he did not request paper documents but electronically stored information.

Defendants respond that Plaintiff is prohibited from possessing information in an electronic form, such as a diskette, and therefore has no need for any passwords. By providing paper copies of the electronic information Plaintiff requested, Defendants eliminated the need to provide Plaintiff any passwords.

Plaintiff replies that he would like the electronically stored information to be given to CSATF computer technicians to retrieve the data and translate it into a "usable form" before it is provided to Plaintiff.

**Ruling:**

Defendants' objections are sustained. As discussed above, the electronically stored information sought by Plaintiff is only minimally relevant to his claims, if relevant at all. Defendants have agreed to provide all relevant information in paper form. Plaintiff therefore has no need for Defendants' passwords. Defendants will not be required to provide a further response to this request.

### e.    Conclusion

Based on the foregoing, Plaintiff's December 2, 2014 motion to compel will be granted in part. Defendants will be required to provide Plaintiff with chronos authored by Defendant Isira in 2011, or to provide those chronos for in camera review, within thirty days of the date of this order.

### 2.    February 9, 2015 Motion

On February 9, 2015, Plaintiff filed a motion to compel a further response to his

Requests for Production of Documents, Sets One[6] and Three. (ECF No. 69.) Having considered the motion, Defendants' opposition (ECF No. 70), Plaintiff's reply (ECF No. 73), and the relevant discovery requests and responses, the Court rules as follows.

### a.      Request No. 2, Set 1:

**Request:**

> All photographs, videotapes, diagrams or other depictions of any defendant named, including plaintiff, in the above action or any location where any of the Complaint filed in the above action took place.

**Response:**

> Objection. The request for photographs, videotapes, diagrams or other depictions of Defendants is not calculated to lead to the discovery of admissible evidence, is overbroad, and invasive of Defendants' privacy. The only photographs of Plaintiff in possession, custody or control of Defendants are contained in Plaintiff's Central File, which is equally available to Plaintiff. Therefore, this request is unduly burdensome. Defendants are in possession, custody or control of a video interview of Plaintiff, conducted on January 24, 2011, prior to the incident(s) which are the subject of this Complaint, which already has been shown to Plaintiff in connection with the Wheeler v. Allison action. Defendants contend that this video interview is not calculated to lead to the discovery of admissible evidence.

**Ruling:**

The request is overbroad and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, Plaintiff's request, stated in his motion, that Defendants create photographs or video of the layout of his housing facility exceeds the scope of a request for production of documents. Defendants objections are sustained.

### b.      Request No. 3, Set 1:

**Request:**

> Please provide any and all writings containing any statements by any person concerning the defendants statements, communication, interviews, they made to CDCR Employees.

**Response:**

---

[6] Plaintiff apparently propounded two separate Requests for Production, Set One.

Objection. To the extent that the request includes writings concerning other inmates, the    request is overbroad and is not calculated to lead to the discovery of admissible evidence. Defendants object that the request violates the privacy of the other inmates, and seeks information that is deemed confidential under Cal. Code Regs. tit. 15, section 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, section 3370(d).

Without waiving these objections, Defendants will comply with this request and will produce all non-confidential documents authored by Defendants concerning the events which are the subject of this action. (Attachment 1.)

**Ruling:**

Defendants state that they have produced all statements made by them concerning the events that are subject of this action. A review of Defendants' privilege log reflects that documents responsive to this request were not withheld on privilege grounds. Plaintiff nonetheless speculates that all responsive documents were not produced. This speculation is insufficient to warrant compelling a further response.

### c.    Request No. 4, Set 1:

**Request:**

Please provide any and all writings evidencing or reflecting any action, claim, lawsuit or demand for compensation made by defendants or against defendants within the last ten years.

**Response:**

Objection. The request is overbroad as to time and unduly burdensome. The request calls for public information equally available to Plaintiff. The request for claims for compensation made by Defendants is not calculated to lead to the discovery of admissible evidence.

**Ruling:**

The request for "any and all <u>writings</u>" relating to Defendants' litigation history is overbroad and unduly burdensome. Plaintiff may be able to request limited information regarding demands for compensation made <u>against</u> Defendants by propounding

interrogatories. The request for information regarding claims for compensation made <u>by</u> Defendants is not calculated to lead to the discovery of relevant or admissible evidence. Defendants' objections are sustained.

**d.        Request No. 6, Set 1:**

**Request:**

> Please provide all documents of investigations, interviews, reports by SATF S.P., hiring authority, CDCR, Risk Management Control, Health Care Services, internal affairs any CDCR Agency against all named defendants in 2011, 2012, and 2013, including confidential documents.

**Response:**

> Objection. The request is overbroad as to time, is unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). To the extent that this request includes personnel files of correctional staff, including staff who are not parties to this action, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043.

> To the extent that the request includes complaints asserted by other inmates against Defendants, the request is unduly burdensome and invades the privacy of these other inmates.

> Without waiving these objections, Defendants have made a reasonable inquiry and conducted a diligent search for internal affairs investigations conducted by the hiring authority at SATF concerning Defendants, and disciplinary findings concerning Defendants, but are unable to comply with this request because such documents do not exist. Defendants will comply with this request and produce all non-confidential documents responsive to this request in their possession, custody or control. (Attachment 2.)

**Ruling:**

Defendants state that they have not been disciplined or subject to adverse action at any time during their employment at CSATF. They have made a diligent search for the requested records and have concluded that no such records exist. Defendants cannot be required to produce documents that do not exist.

Defendants acknowledge that an investigation was undertaken by CDCR Lt. S. Ramirez regarding allegations made by Plaintiff in June 2011, but that the allegations did not directly name Defendants. They offer to submit the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden K. Allison for in camera review, but argue that it should not be produced to Plaintiff.

In relation to this and other requests, discussed below, Defendants will be required to submit the October 14, 2011 Confidential Memorandum for in camera review within thirty days.

### e.    Request No. 7, Set 1:

**Request:**

> Please provide all mental health training materials, manuals for mental health employees, including defendants, at SATF S.P. CDCR, for 2010, 2011.

**Response:**

> Objection. The request is overbroad as to time, is unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Arguments:**

Defendants state that they provided Plaintiff with their I.S.T. training transcripts in response to a separate request for production. They contend that much of their training is irrelevant to this action and could compromise the security of the institution.

1  Plaintiff claims that training regarding patient-clinician confidentiality is relevant.

2  **Ruling:**

3  The instant action concerns Plaintiff's claims that Defendants retaliated against

4  him for filing grievances and complaints and, in the case of Defendant Isira, purposefully

5  provided him with inadequate mental health care. The Court does not see the relevance

6  of Plaintiff's request for training materials regarding confidentiality. His request for <u>all</u>

7  training materials is overbroad. Plaintiff may review Defendants' training transcript and

8  identify specific training he believes to be relevant. He then may propound a request for

9  those specific materials. However, Defendants' objections to this particular request are

10 sustained.

11  **f.      Request No. 9, Set 1:**

12  **Request:**

13  > Please provide copies of any and all statements made by
   > any witness(s) to the allegations in plaintiff's complaint.
14

15  **Response:**

16  > Objection. The request seeks information that is deemed
   > confidential under Cal. Code Regs. tit. 15, § 3321, the
   > disclosure of which could: (1) endanger the safety of other
17  > inmates and staff of the CDCR, or (2) jeopardize the security
   > of the institution. Additionally, the production of confidential
18  > information is improper on the grounds that an inmate shall
   > not have access to information designated confidential. Cal.
19  > Code Regs. tit. 15, § 3370(d).

20  > Without waiving these objections, Defendants will comply
   > with this request and will produce all non-confidential witness
21  > statements concerning the events which are the subject of
   > this action. (Attachment 1.)
22

23  **Arguments:**

24  Plaintiff objects to two documents withheld from production on grounds of

25  privilege: (1) the Confidential Supplement to Appeal Log No. SATF-E-11-02792; and (2)

26  the Confidential CDC 128-C Chrono prepared by non-party A. Vickers, Ph.D., dated

27  May 31, 2012. Plaintiff since has been provided a copy of the Confidential Supplement

28  to Appeal Log No. SATF-E-11-02792. Defendants have provided a redacted copy of the

Vickers chrono with their opposition to the motion to compel, and offer to provide an unredacted copy to the Court for in camera review.

**Ruling:**

Plaintiff's desire to obtain the Vickers chrono appears to be based on his belief that it reflects Vickers' intent to retaliate against him, or false information relayed to Vickers by Defendants in retaliation. Neither of these potential claims are at issue in the instant action. Having reviewed the redacted chrono and Plaintiff's arguments in support of its production, the Court sustains Defendants' objections. No further production is required.

### g.    Request No. 10, Set 1:

**Request:**

> Copies of any and all notes, calendars, diaries, e-mails, internet communications, postings concerning plaintiff-defendants by each defendant in this action, including electronically stored information and tangible things, as defined by rule 34(a)(1) of the Federal Rules of Civil Procedure for 2010, 2011, 2012, and 2013, 2014.

**Response:**

> Objection. The request is vague, ambiguous and unintelligible concerning the terms "concerning plaintiff-defendants by each defendant in this action." To the extent that the request calls for the production of writings made by Defendants which do not pertain to Plaintiff, the request is overbroad and is not calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants will comply with this request and will produce all documents authored by Defendants concerning the events which are the subject of this action. (Attachment 1.)

**Ruling:**

Defendants have produced all documents authored by Defendants concerning the events at issue in this case. Defendants' objections to further production are sustained. No further production is warranted.

### h.    Request No. 11, Set 1:

**Request:**

> Copies of any and all correspondence sent to or received

25

from anyone concerning this action by defendants in 2011, 2012, 2013, 2014.

**Response:**

Objection. The request is overbroad and violates the attorney client privilege. Without waiving these objections, Defendants have made a reasonable inquiry and conducted a diligent search and are not in possession, custody or control of any unprivileged documents sent to or received from anyone concerning this action, other than documents contained in Plaintiff's Central File and medical files.

**Ruling:**

Plaintiff's motion seeks communications between Defendants and their counsel. Such communications are protected by the attorney client privilege. Plaintiff's request for in camera review of these communications will be denied. No further production is warranted.

### i.      Request No. 1, Set 3:

**Request:**

All personnel files, documents, (excluding personal information, except their formal education), of all defendants, including all disciplinary files, training, performance evaluations, annual training audits, internal affairs reports, investigations, California Health Care Services, Risk Management, hiring authorities, Sacramento, Elk Grove, California, Mr. Aminibadi's, investigator's reports, investigations, and Lupe Cartagena's request for investigations to Mr. Aminibadi in November, December 2012, letters, reports, of Lupe Cartagena to Mr. Aminibadi.

**Response:**

Objection. The request is overbroad and is not calculated to lead to the discovery of admissible evidence. The request is compound and, to the extent that the requested documents are in possession of Plaintiff, or contained in his Central File, the request is unduly burdensome. The request also potentially includes personnel information concerning the responding party, which are subject to the qualified privilege of official information and a federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400.

26

Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043. Good cause does not exist for the production of Defendants' personnel files, as none of the Defendants were disciplined or subjected to adverse actions, either as a result of the events which are the subject this claim, or at any time during their employment at the California Substance Abuse Treatment Facility (SATF).

The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). The responding parties are in possession of a Confidential Memorandum, dated October 14, 2011, from CDCR Lt. S. Ramirez to Warden K. Allison. The responding parties no longer are in possession, custody or control of a recorded statement obtained by Lt. S. Ramirez from Plaintiff, on or about July 26, 2011. The responding parties are in possession of Confidential Supplements to Appeals concerning Log Number SATF-E-11-02792, a Confidential Information memo, dated July 23, 2011, from CDCR Lt. S. Alva to CDCR Captain E. Smith, and a Confidential Supplementary Report, dated January 26, 2011, CDCR Lt. J. Rivero to CDCR Captain V. Ramirez.

The responding parties have conducted a reasonable inquiry and a diligent search but are not in possession, custody or control of requests from Lupe Cartegena to M. Aminibadi for an investigation, investigative reports prepared by M. Aminibadi, or investigative reports California Health Care Services, Risk Management.

Without waiving these objections, the responding parties will produce all non-confidential training records in their possession, custody or control. (Attachment 1; see also attached Privilege Log.) The responding parties also will produce all records concerning Plaintiff in possession of Lupe Cartagena. (Attachment 2.) The responding parties also refer to e-mails which were addressed or copied to M. Aminibadi in response to Plaintiff's Request for Production of Documents, Set One, Bates, AGO 00001-00066, and in response to Plaintiff's Request for Production of Documents-Electronic, AGO 0050-160.

**Ruling:**

Defendants will not be ordered to produce their personnel files, for reasons already stated. The remaining dispute concerning this request appears to focus on

items included on Defendants' privilege log. Defendants were ordered, above, to submit the Confidential Memorandum from Lt. Ramirez to the Court within thirty days. Defendants also offer to submit a Confidential Information memo, dated July 23, 2011, from CDCR Lt. S. Alva to CDCR Captain E. Smith, to the Court for in camera review. Defendants will be ordered to do so within thirty days.

Defendants aver that they already have provided other privileged documents to Plaintiff in connection with <u>Wheeler v. Allison</u>, No. 1:12-cv-00861-LJO-DLB. Accordingly, no further response regarding these documents is required.

### j.    Request No. 2, Set 3:

**Request:**

> All documents relating to Eric Wheeler, defendants, prepared by, written by, written to Lupe Cartagena in 2011, 2012, 2013 at SATF S.P.

> (a) Wheeler's letter 10-3, 2011, addressed to K. Allison, Warden, re express issues and/or concerns alleging staff misconduct SATF S.P. Lupe Cartagena's reply letter 10-10-2011.

> (b) Wheeler's letters 7-12-11, addressed to K. Allison, Warden, express issues and/or concerns alleging staff misconduct on Fac. G, SATF, this letter contains the same staff allegations as Wheeler's September 25, 2011, letter mailed to the office of Internal Affairs headquarters. Lupe Cartagena's reply letter 10-25-11.

> (c) Wheeler's letter 10-25-11, requesting the first name, and official title ___ Ms. Garcia, who works as a mental health social worker. Lupe Cartagena's reply letter 10-31-11.

> (d) Wheeler's letter 11-2-11, express concerns regarding allegations of staff misconduct on Fac. G, SATF, appears a duplicate letter of 9-25-11. The Internal Affairs Unit (IA) at SATF S.P. was forwarded a copy of your complaint and has reviewed the info provided by you. Lupe Cartagena's reply letter 1-27-12.

> (e) Wheeler's letter 10-29-12, addressed to Ralph M. Diaz, Warden, express issues and/or concerns alleging staff misconduct Fac. G. Lupe Cartagena's reply letter 11-2-12.

> (f) Wheeler's letter(s), 602's 12-2012 addressed to Lupe Cartagena information officer SATF express issues of appeals coordinator intentionally preventing/refusing to file staff complaints/letters on alleged staff misconduct. Lupe

Cartagena implemented correspondence that lead to Mr. Aminibadi, Risk Management, hiring authority, Elk Grove, CA, Sacramento, CA investigation, sending ___ female/investigator from Sacramento, CA to SATF S.P. to investigate, interview Wheeler in January, 2013, to investigate Rocio Garcia, Lillian Goss, Victor Trevino, Abdul Isira, Raymond Coffin.

(g) 602 complaint filed 7-20-11, with SATF S.P. internal affairs unit, by Wheeler, interviewed by Lt. Ramirez on July 26, 2011, at 10 am – tape recorded, misconduct by G-1 EOP staff, Lillian Goss, Rocio Garcia, and Wheeler's 7-1-11, letter to OIA.

(h) Wheeler's letter 6-25-11, V. Ramirez, Fac. Captain/K. Allison, Warden/Florence Cote.

I request all of the above complete documents available.

**Response:**

Objection. The request is overbroad and is not calculated to lead to the discovery of admissible evidence. The request is compound and, to the extent that the requested documents are in possession of Plaintiff, or contained in his Central File, the request is unduly burdensome.

The seeks [sic] information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). The responding parties are in possession of a Confidential Memorandum, dated October 14, 2011, from CDCR Lt. S. Ramirez to Warden K. Allison. The responding parties no longer are in possession, custody or control of a recorded statement obtained by Lt. S. Ramirez from Plaintiff, on or about July 26, 2011. The responding parties are in possession of Confidential Supplements to Appeals concerning Log Number SATF-E-11-02792, a Confidential Information memo, dated July 23, 2011, from CDCR Lt. S. Alva to CDCR Captain E. Smith, and a Confidential Supplementary Report, dated January 26, 2011, CDCR Lt. J. Rivero to CDCR Captain V. Ramirez.
Without waiving these objections, the responding parties will produce all records concerning Plaintiff in possession of Lupe Cartagena. (Attachment 2; see also attached Privilege Log.) The responding parties also will produce Plaintiff's letter to Lt. Romero, dated June 25, 2011. (Attachment 3.)

**Ruling:**

The dispute regarding this request is the same as that above, regarding

29

privileged documents in response to Request No. 1, Set 3. Accordingly, the Court reaches the same ruling: Defendants are required to provide the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden Allison, and the July 23, 2011 Confidential Information memo from Lt. S. Alva to CDCR Captain E. Smith, to the Court for in camera review within thirty days.

### k.      Request No. 4, Set 3:

**Request:**

> All mental health training materials, manuals, IST training, of defendants.

**Response:**

> Objection. The request is overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. Without waiving these objections, the responding parties will produce all non-confidential training records in their possession, custody or control. (Attachment 1; see also attached Privilege Log.)

**Ruling:**

As noted above, Defendants have provided Plaintiff with their IST training transcripts. They contend that disclosure of all training materials is burdensome and irrelevant. Plaintiff claims that the training materials are needed to show that Defendants' did not follow their training in their interactions with Plaintiff.

Defendants' objections to this request are sustained, for the reasons stated above. As noted, if Plaintiff wishes, he may propound more specific discovery requests regarding particular aspects of Defendants' training. However, Defendants will not be required to provide a further response to this interrogatory.

### l.      Request No. 5, Set 3:

**Request:**

> All documents, e-mails, letters from defendant Rocio Garcia, CSP-Los Angeles County, Lancaster, CA., place of current employment from 2012, 2013 and 2014, pertaining to Erik Wheeler, any named defendant in this action.

**Response:**

> Objection. This request is overbroad and is not calculated to lead to the discovery of admissible evidence. Without waiving these objections, the responding parties previously produced all documents responsive to this request in Response to Request for Production of Documents, Set One (AGO 50-57), and Response to Request for Production of Documents-Electronic. (AGO 49-160.)

**Ruling:**

Defendants state that they have provided all e-mails in their possession concerning Plaintiff. Plaintiff maintains he has not received e-mails from CSP-LAC or from all of the Defendants.

Defendants state that they have produced all of the e-mails responsive to this request. If Plaintiff did not receive e-mails from CSP-LAC or from all Defendants, the Court must conclude such e-mails do not exist. Defendants cannot be required to produce documents that do not exist. No further response is warranted.

### m.      Request No. 6, Set 3:

**Request:**

> All documents of R. Garcia's formal education.

**Response:**

> Objection. The request is overbroad and invasive of the Defendant's privacy rights. Without waiving these objections, the responding party will produce documents responsive to this request (Attachment 5.)

**Ruling:**

Defendants state that they agreed to provide copies of Defendant Garcia's diplomas to Plaintiff as an accommodation. However, the request is otherwise overbroad, invasive of Defendant's privacy rights, and unlikely to lead to the discovery of admissible evidence.

Plaintiff acknowledges he received Defendant Garcia's diplomas. He states further documentation is relevant to impeach Defendant's credibility and to show she violated patient-provider confidentiality.

Defendants' objections are sustained. Documents beyond Defendant's Garcia's professional diplomas are not relevant to this action. The request is overbroad. No further response is required.

### n.    Conclusion

Defendants will be ordered to provide the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden Allison, and the July 23, 2011 Confidential Information memo from Lt. Alva to Captain Smith, to the Court for in camera review within thirty days.

## C.    Defendants' Motion to Compel

### 1.    Arguments

Defendants move to compel Plaintiff's response to deposition questions and to compel Plaintiff to produce documents. (ECF No. 67.) Specifically, Defendants contend that Plaintiff intends to introduce evidence that he previously enjoyed a close relationship with Defendant Garcia, and that Garcia provided him with photographs of herself in her apartment and in various stages of undress. Plaintiff refused to produce the photographs at his deposition, stating that he gave the photographs to another inmate for safekeeping. He also refused to identify the inmate in possession of the photographs. Defendants ask that Plaintiff be compelled to produce the photographs and identify the inmate in possession of the photographs.

Plaintiff responds that the photographs are not in his control and that, in any event, he intends to proceed "with the art of surprise." (ECF No. 71.) He states that he will not divulge any defenses, impeachment witnesses, or impeachment material, "until its time," which, according to Plaintiff, is at trial. He also argues that the photographs themselves are unnecessary because Plaintiff himself can attest to their contents.

Defendants reply reiterates arguments presented in their initial motion. (ECF No. 72.)

### 2.    Analysis

Plaintiff cannot be compelled to provide documents that are not within his

1  possession, custody, or control. <u>See</u> Fed. R. Civ. P. 34(a)(1). Plaintiff states that he
2  does not have control of the photographs because he gave them to another inmate
3  several years ago.

4      The absence of current possession and immediate control of documents properly
5  sought in discovery is not justification for non-production of them; a party has a duty to
6  secure and produce documents that are **subject to** his custody or control even if he
7  does not actually have them in his possession. Plaintiff must provide a further sworn
8  response to this Request. <u>See</u> Fed. R. Civ. P. 34(b)(2)(B). If, in such further response,
9  Plaintiff states under penalty of perjury that he has no right, power, authority or other
10 ability to retrieve and produce the requested photographs, then he cannot be compelled
11 to produce them. <u>See</u> <u>U.S. v. Int'l Union of Petroleum and Indus. Workers</u>, 870 F.2d
12 1450, 1452 (9th Cir. 1989). Hence, Defendants' motion to compel Plaintiff to produce
13 the photographs would have to be denied.

14     However, Plaintiff cannot be permitted to unilaterally deny current ability to obtain
15 the photographs and then later, at trial, claim he regained that ability and attempt to
16 introduce them into evidence without having provided them to Defendant via discovery.
17 Such a development could be expected to produce an Order barring Plaintiff from
18 introducing any such photographs into evidence in support of his claims. Fed. R. Civ. P.
19 37(b)(2)(A)(ii).

20     Accordingly, the Court will order Plaintiff to provide a further answer to the
21 request within thirty days of the date of this Order specifying whether he in fact believes
22 he has or expects to have the right to direct production of the photographs from a third
23 party or otherwise. If he says he does, they must be produced within thirty days
24 thereafter. If he does not produce them as provided herein, Fed. R. Civ. P.
25 37(b)(2)(A)(ii) will come into play.

26     Regardless, Plaintiff has no legal basis for refusing to provide the name of the
27 inmate to whom he allegedly gave the photographs. Plaintiff's argument that he is not
28 required to divulge information regarding his defenses, impeachment witnesses, or

impeachment material, is without merit. Defendants are entitled to obtain discovery regarding any nonprivileged matter that is relevant to Plaintiff's claims or Defendants' defenses. Fed. R. Civ. P. 26(b)(1). As the Court already has stated, Plaintiff is not entitled to proceed "with the art of surprise."

Defendants' motion to compel Plaintiff to identify the inmate to whom he gave the photographs will be granted. Plaintiff will provide the identity of said inmate to Defendants within thirty days. To the extent Defendants may wish to seek additional information concerning said inmate, Defendants' motion to modify the discovery and scheduling order to allow for further discovery on this issue is discussed below.

## VI.   PLAINTIFF'S MOTIONS FOR SUBPOENAS DUCES TECUM

Plaintiff has filed three motions for subpoenas duces tecum. Each will be addressed in turn.

### A.   Legal Standard

Pro se parties may be entitled to the issuance of a subpoena commanding the production of documents from a nonparty, subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. The Court will consider granting such a request only if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production. See Fed. R. Civ. P. 34. If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends. The Court will not issue a subpoena for a nonparty without Plaintiff first following the procedure outlined above.

### B.   First Request

#### 1.   Arguments

The first motion seeks to subpoena Nathan Wilcox or the current Correctional Counselor II/Public Records Act Coordinator/Litigation Coordinator at California State

Prison Los Angeles County ("CSP-LAC") to produce photographs of Defendant Garcia, her office, "workplace area," and the surrounding walls. (ECF No. 45.) Plaintiff specifically seeks color photographs of any "prisoner art, poems, greeting cards, outside and inside of said card, any type drawings and prisoner crafts, letters located within [Defendant] Garcia's office, workplace desk, computer at CSP." Plaintiff asks the Court to appoint a court representative or Marshal to take the photographs on Plaintiff's behalf.

Defendants oppose the request on the ground that Plaintiff fails to demonstrate that Defendant Garcia is in possession of the materials Plaintiff alleges she possessed at CSATF or that these items are located in her office at CSP-LAC. (ECF No. 50.) Plaintiff does not include with his request any request for production of documents indicating Plaintiff has requested such documents, nor any responses from Defendant indicating she has possession, custody, or control of these documents. Additionally, Defendants make an offer of proof that Defendant Garcia disposed of any items given to her by inmates at CSATF when she left that facility in May 2013. Accordingly, the burden of complying with the request would not be outweighed by any benefit. Lastly, Plaintiff has not shown he can pay the statutory witness fee.

Plaintiff responds that Defendant Garcia's history of receiving, concealing, and destroying art, cards, and gifts given to her by inmates warrants the issuance of a subpoena. (ECF No. 55.) He asserts that she took some of these items home, and speculates that she kept those items that are "special." Further, Plaintiff contends that Defendant may be continuing her "practice" of retaining such items from inmates in her current office, which practice would be relevant to his claims. He asks that the witness fees be waived. He contends he is not required to propound a request for production of documents before seeking a subpoena.

### 2.    Ruling

Nothing in Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena for a third party to create evidence to support Plaintiff's case. See Fed. R.

Civ. P. 45(a)(1)(iii) (a subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises"). Additionally, Plaintiff cites no statutory authority that would permit the Court to order that photographs be taken at public expense. See Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) ("[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . ." (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976))).  Accordingly, Plaintiff's motion requesting that someone be ordered to take photographs on his behalf must be denied.

Furthermore, even if such a request were authorized, the information requested is not discoverable because it is irrelevant. Whether Defendant Garcia's current office at CSP-LAC contains prisoner art or letters would not tend to make a fact of consequence in this action more or less likely. Such evidence is temporally remote from the events at issue and would not tend to show that Plaintiff filed grievances or complained of Defendant's conduct, or that Defendant retaliated because of those complaints.

###     C.     Second Request

####          1.     Arguments

Plaintiff's second request seeks to subpoena the CSATF Business Services/State Computer Tech Services Department Supervisor(s) or current Warden to provide (1) written instructions for removal of state computer servers for the computers of Defendants and others in 2014, (2) computers and servers used to track those computers and their documents from 2011 to 2014, (3) information concerning the current whereabouts of those servers and their custodian, (4) inventory and accounting data for the computers and servers from 2011 to 2014. (ECF No. 59.) He also requests that the Marshal Service serve the subpoena and that fees be waived.

Defendants argue that the information requested is not relevant and that compliance with the request would be unduly burdensome. (ECF No. 63.)

1   Plaintiff responds that the information sought is "very relevant." (ECF No. 64.)
2   Plaintiff alleges that he has raised allegations of misconduct by <u>all</u> staff (beyond just the
3   named Defendants) in a separate action, <u>Wheeler v. Alison</u>, 12-cv-861-LJO-DLB. He
4   further argues that the information is relevant because his complaints concerning staff
5   misuse of computers form the basis of his retaliation claim. He also alleges that the
6   computer information will show that Defendant Isira altered two chronos relating to
7   Plaintiff.

8       **2.    Ruling**

9   Plaintiff's argument that the information sought is relevant to a separate action is
10  unavailing. He cannot seek discovery pertaining to that action in this case.

11  To the extent Plaintiff argues the information is relevant to this action, his request
12  will be denied for the reasons stated above in relation to his December 2, 2014 motion
13  to compel.

14  **D.    Third Request**

15      **1.    Arguments**

16  Plaintiff's third request seeks to subpoena E. Smith or the current Public
17  Information Officer/Administrative Assistant at CSATF, and the Warden, to produce
18  documents and reports relating to internal affairs investigations initiated as a result of
19  Plaintiff's complaints in 2011 and 2012; documents and reports initiated as a result of
20  Plaintiff's complaints to Lupe Cartagena, Administrative Assistant/Public Information
21  Officer; and documents from CDCR headquarters and the Director of Mental Health
22  pertaining to Defendants. (ECF No. 60.) Plaintiff asks that fees relating to the subpoena
23  be waived.

24  Defendants filed no opposition.

25      **2.    Ruling**

26  Plaintiff has not shown that these documents cannot be obtained from
27  Defendants through a request for the production. <u>See</u> Fed. R. Civ. P. 34. He arguably
28  has filed a motion to compel some of this information from Defendants. However,

Defendants' objections to those requests have been sustained herein. Accordingly, his request for a subpoena will be denied.

## VII.   MOTIONS FOR COURT ORDERS

Plaintiff has filed two motions for court orders.

### A.   First Motion

On December 12, 2014, Plaintiff filed a motion for a court order directing Defendants to copy documents for him. (ECF No. 48.) Specifically, Plaintiff requests that the Court order Defendants or the Facility B Librarian at Mule Creek State Prison to copy documents relating to this case. He asserts that the documents otherwise will be copied by inmate law library clerks. Plaintiff does not wish for his confidential documents to be viewed by inmate clerks. He also contends that he wishes to make copies in excess of the 50-page limit imposed by Mule Creek State Prison. Plaintiff is willing to pay for the copies.

Defendants respond that they arranged for the Law Librarian at Mule Creek State Prison to make copies of Plaintiff's documents at Plaintiff's expense.

In light of Defendants' response, Plaintiff's request will be denied as moot.

### B.   Second Motion

Plaintiff requests a court order requiring Defendants to make his central file available for review for a reasonable time. (ECF No. 52.) According to Plaintiff, the file contains 2,100 pages and he is permitted to review his file in thirty minute increments.

Defendants are or were employed at CSATF. Plaintiff currently is incarcerated at Mule Creek State Prison. Neither Mule Creek State Prison nor its staff is party to this action. The Court has no authority to order parties not before the Court to take action. Zepeda v. United States Immigration & Naturalization Servs., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Accordingly, Plaintiff's motion will be denied. Nevertheless, the Court will request

that defense counsel seek the assistance of the litigation coordinator at Plaintiff's institution in resolving Plaintiff's concerns.

## VIII.   MOTIONS TO MODIFY DISCOVERY AND SCHEDULING ORDER

The Court issued a discovery and scheduling order, setting December 11, 2014 as the deadline to amend pleadings, and February 11, 2015 as the discovery deadline. (ECF No. 35.) Plaintiff and Defendants seek to modify the discovery and scheduling order in different ways as set out below. All of the motions were filed prior to the expiration of the applicable deadlines.

### A.   Motion to Extend Deadline to Amend Pleadings

Plaintiff requests a fourteen day extension of time to file an "amended/supplemental" complaint. (ECF No. 47.) He states that documents received during discovery reveal additional potential claims, specifically a conspiracy to retaliate against him and remove him from the EOP program. The allegations concern events occurring on April 30, 2014, after Plaintiff was transferred back to CSATF. He states these allegations constitute violations of his First and Eighth Amendment rights.

Defendants oppose the motion on the ground that the events at issue occurred nearly three years after the events that are the subject of this action, and constitute a separate occurrence and therefore a separate claim. (ECF No. 53.) They point out that other deadlines in the case, such as the discovery cut-off and dispositive motion deadline, would need to be modified to accommodate any amendment.

In Plaintiff's reply, he attempts to explain the bases for his proposed additional allegations, which apparently arise out of a chrono written by Defendant Goss. (ECF No. 61.) The additional allegations are difficult to understand. Although Plaintiff clearly takes issue with the chrono, the Court is unable to discern what, if any, adverse or unconstitutional action Plaintiff was subjected to as a result of the chrono. Nevertheless, it is apparent that Plaintiff received additional documents during discovery that he believes support further claims.

1  The Court will grant Plaintiff fourteen days from the date of service of this order to
2  submit an amended complaint. Nevertheless, Plaintiff must seek leave of the Court
3  before his amended complaint may be filed. Fed. R. Civ. P. 15(a)(2). If Plaintiff wishes
4  to amend, he must file a motion demonstrating that amendment is proper under Federal
5  Rule of Civil Procedure 15, and must lodge a copy of his proposed amended complaint
6  with the Court. See Local Rule 137(c); cf. Johnson v. Mammoth Recreations, Inc., 975
7  F.2d 604, 608 (9th Cir. 1992) (citing approvingly to Forstmann v. Culp, 114 F.R.D. 83,
8  85 (M.D.N.C. 1987)).

9  The Court then will determine whether amendment is proper. Under Rule
10  15(a)(2), the court should freely give leave to amend a pleading "when justice so
11  requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser
12  Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of
13  Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts
14  or circumstances relied upon by a [party] may be a proper subject of relief, he ought to
15  be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S.
16  178, 182 (1962). However, a district court may deny leave to amend where there is
17  "'any apparent or declared reason' for doing so, including undue delay, undue prejudice
18  to the opposing party or futility of the amendment." Lockman Found. v. Evangelical
19  Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182).
20  These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc.,
21  316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the
22  greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining
23  Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave
24  to amend." Id.

25  Plaintiff is warned that his proposed amended complaint must contain a "short
26  and plaint statement" of the grounds for relief. Fed. R. Civ. P. 8(a). In this regard,
27  Plaintiff is encouraged to limit his proposed amended complaint to no more than 25
28  pages. A proposed amended complaint that is exceedingly and baselessly lengthy will

be disregarded and will not be filed. Additionally, Plaintiff may not attempt to renew claims that have been dismissed with prejudice in the Court's prior screening order. (ECF Nos. 26, 28.)

Plaintiff further is warned that that an amended complaint be complete in itself without reference to any prior pleading. Local Rule 220. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### B.    Motions to Extend the Discovery Cut-Off

Plaintiff moved to extend the discovery cut-off by sixty days. (ECF No. 65.) Defendants filed no opposition.

Additionally, Defendants moved to extend the discovery cut-off to allow them to conduct discovery relating to their motion to compel, to the extent such motion was granted. (ECF No. 67.) Plaintiff opposed the motion to compel but did not specifically oppose the request for a discovery extension. (ECF No. 71.)

Good cause having been shown, the discovery cut-off will extended to and including August 14, 2015. Discovery requests must be served sufficiently in advance of this deadline to permit time for a response and time to prepare and file a motion to compel.

### C.    Plaintiff's Motion to Extend Time to Oppose Summary Judgment

Plaintiff sought an extension of time to oppose the motion for summary judgment due to his pending discovery motions, resolved herein. (ECF No. 77.) Thereafter, on May 21, 2015, Plaintiff filed his opposition. Good cause having presented, the motion for extension of time will be granted, nunc pro tunc to May 21, 2015.

In light of the rulings herein, Plaintiff also will be granted an opportunity to file a supplemental opposition to the motion for summary judgment, if any he has, following

1  receipt of additional discovery. The supplemental opposition is limited to twenty-five (25)

2  pages, excluding exhibits. The supplemental opposition shall be filed on or before

3  September 4, 2015. Defendants may file a reply to the supplemental opposition within

4  seven days of the supplemental opposition being filed.

5       In the event Plaintiff's proposed amended complaint is accepted for filing, the

6  Court then will address the need for further discovery and/or dispositive motions on

7  Plaintiff's newly added claims.

8  **IX.   MOTION FOR APPOINTMENT OF EXPERT WITNESS**

9       Plaintiff asks the Court to appoint psychological and psychiatric experts to assist

10  the Court and the trier of fact to understand Plaintiff's underlying mental health care

11  needs. (ECF No. 76.) Defendants oppose the motion on the ground the expert is

12  requested to assist Plaintiff, rather than the Court. (ECF No. 78.) Additionally,

13  Defendants contend that an expert would not be useful because Plaintiff's claim is

14  based on intentional, retaliatory misdiagnosis, rather than professional negligence.

15       An expert witness may testify to help the trier of fact understand the evidence or

16  determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of

17  Evidence, the district court has discretion to appoint a neutral expert on its own motion

18  or on the motion of a party. Fed. R. Evid. 706(a); Walker v. Am. Home Shield Long

19  Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir.1999). Rule 706 does not

20  contemplate court appointment and compensation of an expert witness as an advocate

21  for Plaintiff. See Gamez v. Gonzalez, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at

22  *1 (E.D. Cal. June 3, 2010) (citation omitted).

23       The appointment of an independent expert is to assist the trier of fact, not a

24  particular litigant. See Joe S.Cecil & Thomas E. Willging, Court-Appointed Experts, at

25  538 (Fed. Jud. Center 1994) (Rule 706 is meant to promote accurate fact finding where

26  issues are complex, esoteric and beyond the ability of the fact finder to understand

27  without expert assistance). Here, Plaintiff requests independent experts to establish

28  elements of his case. Rule 706 does not exist to assist a party.

Appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice. In re Joint E. & S. Dists. Asbestos Litig., 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case). This case is not such an exceptional case.

Accordingly, for the reasons stated, Plaintiff's motion for the appointment of independent experts will be denied.

## X.   MOTION FOR STATUS

Plaintiff filed a motion seeking the reason his motions were not yet ruled on. (ECF No. 66.) Plaintiff also has submitted a letter complaining that his motions have not been ruled on. (ECF No. 82.)

The Fresno Division of the United States District Court for the Eastern District of California carries one of the busiest dockets in the country. The Court is faced with cases similar to Plaintiff's almost daily. There is a backlog of cases and resulting delay in addressing motions. Additionally, Plaintiff's motions are numerous and lengthy. Indeed, Plaintiff has submitted **well over 1,000 pages** of briefing and exhibits in this action. The Court herein has addressed Plaintiff's pending motions. Any further motions from Plaintiff will be addressed in due course.

To the extent the status of Plaintiff's motions is provided herein, his motion for status will be granted.

## XI.   CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to seal and for a protective order (ECF No. 46) is DENIED;

2. The Clerks are directed to return Plaintiff's November 26, 2014 declaration to Plaintiff;

3. Plaintiff's motion to preserve evidence (ECF No. 44) is DENIED;

4. Plaintiff's motions to compel discovery (ECF Nos. 43 and 69) are

GRANTED IN PART AND DENIED IN PART as follows:

    a. Defendants are required to provide Plaintiff with all chronos authored by Defendant Isira in 2011, or to provide such chronos to the Court for in camera review within thirty (30) days;

    b. Defendants are required to provide the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden Allison to the Court for in camera review within thirty (30) days;

    c. Defendants are required to provide the July 23, 2011 Confidential Information memo from Lt. Alva to Captain Smith to the Court for in camera review within thirty (30) days; and

    d. In all other respects, the motion is denied;

5. Defendants' motion to compel discovery (ECF No. 67) is GRANTED IN PART AND DENIED IN PART as follows:

    a. Plaintiff is ordered to provide to the Court, within thirty days, a sworn statement specifying whether he believes he has or expects to have the right to direct production of requested photographs from a third party or otherwise. If he does have such a right, the photographs must be produced within thirty days thereafter.

    b. Plaintiff is required within thirty days to identify the inmate to whom he gave photographs of Defendant Garcia;

6. Plaintiff's requests for subpoenas duces tecum (ECF Nos. 45, 59, and 60) are DENIED;

7. Plaintiff's motion for court order regarding copies (ECF No. 48) is DENIED as moot;

8. Plaintiff's motion for court order regarding review of his central file (ECF No. 52) is DENIED;

9. Defendants' are ordered to contact the litigation coordinator at Plaintiff's institution to request assistance in resolving Plaintiff's concerns regarding

44

review of his central file;

10. Plaintiff's motion for extension of time to amend pleadings (ECF No. 47) is GRANTED;

11. Plaintiff may seek leave to amend his complaint within fourteen (14) days of the date of this order;

12. Plaintiff's and Defendants' respective motions to extend the discovery cut-off (ECF nos. 65 and 67) are GRANTED;

13. The discovery cut-off is extended to and including August 14, 2015;

14. Plaintiff's motion for extension of time to oppose the motion for summary judgment (ECF No. 77) is GRANTED, and the deadline is extended nunc pro tunc to May 21, 2015;

15. Plaintiff may file a supplemental opposition to the motion for summary judgment on or before September 4, 2015;

16. Defendants' may file a supplemental reply within seven (7) days of Plaintiff's opposition;

17. Plaintiff's motion for appointment of an expert witness (ECF No. 76) is DENIED; and

18. Plaintiff's motions for status (ECF No. 66 and 82) are GRANTED to the extent his motions are addressed herein.

IT IS SO ORDERED.

Dated:   June 2, 2015          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE