UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>             Plaintiff,<br><br>     v.<br><br>K. ALICESON, et al.,<br><br>             Defendants. | CASE No. 1:12-cv-00860-LJO-MJS (PC)<br><br>**ORDER DENYING REQUEST TO SEAL (ECF No. 89)**<br><br>**ORDER GRANTING REQUEST FOR IN CAMERA REVIEW (ECF No. 90)**<br><br>**ORDER FOLLOWING IN CAMERA REVIEW OF DOCUMENTS RESPONSIVE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SETS ONE AND THREE**<br><br>**SEVEN (7) DAY DEADLINE** |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 5.) The action proceeds against Defendants Garcia, Goss, Trevino, Isira, and Coffin on Plaintiff's First Amendment retaliation claim, and against Defendant Isira on Plaintiff's Eighth Amendment medical indifference and state law negligence claims.

On June 3, 2015, the Court issued an order addressing, inter alia, Plaintiff's February 9, 2015 motion to compel a further response to his Requests for Production

of Documents, Sets One and Three. (ECF No. 84.) The Court therein ordered Defendants to produce to the Court for in camera review an October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden K. Allison, and a July 23, 2011 Confidential Information Memorandum from Lt. S. Alva to Captain E. Smith.

On July 3, 2015, Defendants filed a notice of request to seal documents (ECF No. 89) and a request for in camera review (ECF No. 90). Defendants electronically submitted to the Court a request to seal documents and the two memoranda at issue. Plaintiff filed an opposition to the request for in camera review, setting forth his reasons why the memoranda should be disclosed. (ECF No. 95.) Defendants filed a reply. (ECF No. 96.)

**II.     ANALYSIS**

    **A.     Request to Seal Documents**

Defendants filed a request to seal the memoranda at issue. (ECF No. 89.)

The court cannot serve as a repository for the parties' evidence. The parties may not file evidence with the court until the course of litigation brings the evidence into question (for example, on a motion for summary judgment or at trial). The cases cited by Defendants in support of their request to seal involve evidence submitted for review in relation to the merits of the case. In contrast, the instant matter involves a discovery dispute over whether the memoranda must be released to Plaintiff. There presently is no basis for filing the memoranda with the Court, whether sealed or otherwise. Accordingly, Defendants' motion to file the documents under seal will be denied.

Notwithstanding this ruling, the electronic documents submitted for in camera review will not be disclosed to Plaintiff absent further order of the Court and an opportunity for Defendants to respond. The Court will retain the documents submitted for in camera review pending resolution of this case, at which time it will destroy the documents or return them to Defendants.

### B. Request for In Camera Review

Defendants filed a request for in camera review of the memoranda at issue. (ECF No. 90.) However, Defendants previously were ordered to submit the memoranda for in camera review. (ECF No. 84.) Accordingly, the request for in camera review is unnecessary. Nevertheless, because the documents have been reviewed in camera and are addressed herein, the request for in camera review will be granted.

### C. Ruling Following In Camera Review of Memoranda

#### 1. Confidential Memorandum from Lt. Ramirez to Warden Allison

Plaintiff claims that the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden Allison is relevant because it was written in response to complaints Plaintiff made against Defendants. Defendants counter that the memorandum is not relevant because the outcome of any investigation into Plaintiff's allegations is not relevant to Plaintiff's claim of retaliation.

The Court has reviewed the memorandum and is unable to divine any relevance it may have to this action. This action proceeds on Plaintiff's claim that Defendants retaliated against him for various complaints and grievances by terminating his Enhanced Outpatient Program ("EOP") level of care, which resulted in an adverse change in Plaintiff's housing. However, the memorandum at issue was written in response to allegations made by Plaintiff <u>after</u> the alleged retaliation already occurred. It reflects that Plaintiff continued to complain about the pre-retaliation conduct of various employees at his institution, even after he allegedly was retaliated against. It also reflects Plaintiff's belief that Defendants retaliated against him. It does not purport to validate any of Plaintiff's allegations. It does not appear to have any bearing on any fact of consequence in this litigation. <u>See</u> Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Nor is it likely to lead to the discovery of admissible evidence.

Accordingly, the Court finds no basis for requiring Defendants to disclose this document to Plaintiff.

### 2. Confidential Memorandum from Lt. Alva to Captain Smith.

Plaintiff claims that this confidential memorandum is relevant to show that Defendant Garcia informed another inmate of Plaintiff's commitment offense, which resulted in enemy concerns for Plaintiff. Plaintiff claims that this disclosure violated various laws and reflects poorly on Defendant Garcia in various ways.

The instant action does not involve any claim that Defendant Garcia unlawfully revealed Plaintiff's commitment offense to another inmate. Moreover, the Court has reviewed the July 23, 2011 Confidential Memorandum from Lt. Alva to Captain Smith and has determined that it has absolutely no relevance to any Defendant or claim involved in this action. Plaintiff's claim that the memorandum reflects poorly on Defendant Garcia is completely unsupported. There is no basis for requiring Defendants to disclose this memorandum in the course of this litigation.

## III. CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' request to seal (ECF No. 89) is DENIED;
2. Defendants' request for in camera review (ECF No. 90) is GRANTED to the extent Defendants' documents have been reviewed herein; and
3. Defendants are not required to disclose to Plaintiff either the October 14, 2011 Confidential Memorandum from Lt. Ramirez to Warden K. Allison, or the July 23, 2011 Confidential Information Memorandum from Lt. S. Alva to Captain E. Smith.

IT IS SO ORDERED.

Dated:   July 26, 2015            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE