UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. ALICESON, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-00860-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR COURT ORDERS AND SANCTIONS**<br><br>**(ECF No. 98)** |

## I.　PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 5.) The action proceeds against Defendants Garcia, Goss, Trevino, Isira, and Coffin on Plaintiff's First Amendment retaliation claim, and against Defendant Isira on Plaintiff's Eighth Amendment medical indifference and state law negligence claims.

On June 3, 2015, the Court granted in part Plaintiff's motion to compel (ECF No. 43), and ordered Defendants to provide Plaintiff with chronos authored by Defendant Isira in 2011, or to provide those chronos for in camera review within thirty days. (ECF No. 84.)

Before the Court is Plaintiff's July 31, 2015 motion for court orders and sanctions in relation to Defendants' alleged failure to fully comply with the June 3, 2015 order.

(ECF No. 98.) Defendants filed an opposition. (ECF No. 99.) Plaintiff filed no reply. The matter is deemed submitted. Local Rule 230(*l*).

## II.     PLAINTIFF'S CLAIMS

Plaintiff currently is housed at Mule Creek State Prison but complains of acts that occurred at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The relevant allegations in Plaintiff's second amended complaint may be summarized essentially as follows:

Plaintiff suffers from depression, post-traumatic stress, and anxiety.

From June 7, 2010 to January 19, 2011 and from March 24, 2011 to June 15, 2011, he was housed in the Enhanced Outpatient Program ("EOP") portion of Facility G-1. On January 19, 2011, Plaintiff was involved in an altercation with another inmate, resulting in the use of force against Plaintiff by correctional officers and Plaintiff's placement in Administrative Segregation. Plaintiff filed administrative grievances regarding this incident and other conduct by Facility G-1 staff.

During May and June of 2011, Plaintiff observed staff misconduct on the part of Defendants, including improper utilization of computer resources. Plaintiff wrote a letter to the Warden detailing violations of CDCR standards.

Defendants Garcia, Goss, and Trevino retaliated against Plaintiff for his administrative grievances and letter to the Warden. They made false entries in his file and chronos. Plaintiff also was transferred to non-EOP housing in an overcrowded gym where his mental health condition could not be effectively treated or accommodated. Garcia falsely accused Plaintiff of overfamiliarity, stalking females, and threatening behavior. These accusations led to a rules violation proceeding in which Plaintiff was found not guilty. Plaintiff claims Defendant Coffin was aware of this retaliation and failed to protect Plaintiff.

Defendant Isira, in concert with the other Defendants, also retaliated against Plaintiff by intentionally falsifying medical records, misdiagnosing Plaintiff as not suffering from a substantiated mental health disorder, providing unacceptable mental

health care, and terminating Plaintiff's EOP level of care, resulting in Plaintiff being housed in the gym.

Four months later, Plaintiff was examined by a non-party mental health provider who correctly diagnosed his mental health conditions and transferred Plaintiff back to the EOP level of care.

### III.   PLAINTIFF'S MOTION TO COMPEL

Relevant to the instant motion, Plaintiff's motion to compel sought various documents and chronos authored by Defendant Isira. (ECF No. 43.) According to Plaintiff, these documents were necessary to show that a particular chrono relevant to this case had been altered.

The Court ruled as follows:

> The Court is unable to discern the basis for Plaintiff's belief that Defendant Isira altered chronos. Nevertheless, the Court agrees with Plaintiff that chronos authored by Defendant Isira in 2011 would appear to be relevant to Plaintiff's claims. Alterations or edits to the 2011 chronos, even after the date of the alleged retaliation, also could potentially be relevant. Accordingly, Defendants will be ordered to conduct a diligent search of their records and to provide Plaintiff with copies of any and all chronos concerning Plaintiff and authored by Defendant Isira in 2011, including any later-edited or altered versions of those same chronos. Defendants shall file a notice of compliance in the record. To the extent Defendants believe any such chronos are too sensitive to be released to Plaintiff, they may seek relief from this order by filing the chronos for in camera review.

(ECF No. 84.)

Defendants filed a notice of compliance with the Court's order on July 3, 2015. (ECF No. 91.) Defendants state that they produced "all available versions of all chronos concerning Plaintiff authored by Defendant Isira in Defendants' possession, custody or control."

### IV.   MOTION FOR COURT ORDERS AND SANCTION

In the instant motion, Plaintiff claims that the Court ordered Defendants to produce copies of chronos from "servers, proxy servers, off site servers, storage, 'M.H. share files,' computers, printers, and faxes." (ECF No. 98 at 1.) He claims that

3

1 Defendants failed to produce documents that were deleted or altered. He asserts that
2 Defendants were required to have "computer specialists" retrieve the deleted files but
3 did not do so.

4 Plaintiff's claims regarding altered or deleted chronos appear to be based on the
5 following allegations: On October 25, 2012, L. Maravilla, a prison social worker, showed
6 Plaintiff two 128**C** chronos authored by Defendant Isira that were located in the prison's
7 mental health share files. The chronos were dated July 26, 2011 and November 4,
8 2011. In November or December of 2012, Plaintiff wrote to medical records staff to
9 inquire after these chronos, and was told they were not in his file. Medical records staff
10 contacted Defendant Isira on December 4, 2012, following which Defendant Isira faxed
11 over two 128**B** chronos for these dates. According to Plaintiff, the November 4, 2011
12 chrono had been altered. Additionally, when Plaintiff thereafter viewed his file, the 128B
13 chronos were in it; the 128C chronos he previously had seen were not.

14 Defendants respond that they diligently searched their records as required by the
15 Court's order, and produced all responsive documents in their possession, custody or
16 control. According to Defendants, at the time relevant to Plaintiff's complaint, chronos
17 were typed on an individual's computer, then saved to the "Mental Health Shared
18 Drive." A copy also was placed in the inmate's Unit Health Record.

19 The actual computer used by Defendant Isira at the time at issue has been
20 replaced and is no longer in the possession of CDCR. On June 30, 2015, L. Maravilla
21 searched the Mental Health Shared Drive at Defendants' request, and found only two
22 chronos (July 22, 2011 and November 4, 2011) authored by Defendant Isira.
23 Defendants also sought the assistance of a Senior Information Systems Analyst, who
24 concluded that the July 26, 2011 chrono last was modified on October 26, 2011, and the
25 November 4, 2011 chrono last was modified on November 9, 2011. The chronos
26 located on the Mental Health Shared Drive are identical to those that were faxed to
27 medical records staff on December 4, 2012.

28

## V. DISCUSSION

Based on the information provided, the Court concludes that Defendants have fully complied with the Court's June 3, 2015 order. Defendants make a diligent search of the records in their possession, custody, or control, and produced the responsive documents to Plaintiff. No further response is required.

Documents submitted by both Plaintiff and Defendants cast doubt on Plaintiff's claim that the chronos were altered. Regardless, however, Defendants cannot be required to produce documents not in their possession, custody, or control. Furthermore, the Court is unable to discern the import of the purported alterations to this action. Plaintiff has not explained the difference between the chronos he allegedly viewed on October 25, 2012, and those he viewed on December 4, 2012. Nor has he explained how any such alterations bear on any fact of consequence regarding the alleged retaliation, medical indifference, and negligence claims. Accordingly, no further discovery on this issue will be permitted absent leave of Court for good cause shown based on information not presently known to or available to Plaintiff.

## VI. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion for court orders and for sanctions is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   January 15, 2016           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE