UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>    Plaintiff,<br><br>v.<br><br>K. ALICESON, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-00860-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>**(ECF No. 105)** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

    On January 28, 2016, the Magistrate Judge issued findings and a recommendation to deny Plaintiff's motion for leave to file an amended complaint. (ECF No. 105.) Plaintiff filed objections. (ECF No. 106.) Defendants filed a response. (ECF No. 107.)

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

The Magistrate Judge recommended that Plaintiff be denied leave to amend because his proposed allegations failed to state a cognizable retaliation claim and thus, leave to amend would be futile. Plaintiff devotes a substantial portion of his objections to responding to admonishments from the Magistrate Judge regarding the length of the proposed amended complaint and inclusion therein of claims that already were dismissed with prejudice. These arguments do not raise an issue of fact or law under the findings and recommendations and will not be addressed further.

Plaintiff argues that he should have been permitted to file a supplemental complaint instead of an amended complaint. Supplemental pleadings are permitted to add a transaction, occurrence, or event that happened after the date of the pleading to be supplemented. In this case, the pleading to be supplemented (i.e., Plaintiff's second amended complaint) was filed on January 22, 2013. Although some of the actions Plaintiff seeks to add occurred after that date, many of them occurred in 2011 and 2012. Accordingly, the Magistrate Judge properly required Plaintiff to move to amend his complaint to add these claims.

Plaintiff argues he should be allowed to amend because the facts contained in his proposed amended complaint fall within the "continual violation doctrine." The continuing violation doctrine applies in certain circumstances to allow claims that might otherwise be time barred to proceed. See, e.g., Garcia v. Brockway, 526 F.3d 456, 462 (9th Cir. 2008). There is no suggestion at this time Plaintiff's claims are time-barred and thus no reason to examine the continuing violation doctrine in this case.

Plaintiff purports to state new, additional facts to support a finding of adverse action sufficient to chill a person of ordinary firmness to support his proposed retaliation claims. The Court finds Plaintiff's factual summary difficult to follow. Additionally, some facts appear to be inconsistent with allegations Plaintiff has raised previously. Regardless, however, Plaintiff's allegations are insufficient to support a claim of retaliation for the reasons stated in the findings and recommendations. He has failed to present facts to show that he has suffered adverse action that would chill a person of

ordinary firmness from engaging in protected First Amendment activity. Plaintiff contends for the first time that Defendants' conduct constitutes adverse action because their written reports and chronos could be reviewed during a parole determination. As Defendants point out, however, nothing before the Court indicates whether Plaintiff is eligible for parole. In any event, the allegedly retaliatory communications merely reiterate the contentions that serve as the basis of the operative complaint. Put differently, Defendants expressed concerns regarding Plaintiff's behavior in chronos written in June 2011. They reiterated those concerns – based on Plaintiff's behavior in June 2011 – later in 2011 and in 2012 and 2014. Plaintiff provides no basis to conclude that such repetition would have any adverse effect on any parole determination.

Significantly, the Court also concludes that Plaintiff's allegation that Defendants' conduct was motivated by retaliation appears to be based purely on conjecture. While Plaintiff plainly engaged in a lengthy course of filing regular administrative grievances and informal complaints over the course of at least three years, this is insufficient to allege that Defendant's sporadic involvements in his mental health placement following his transfer from their care constituted retaliation. See Estrada v. Gomez, No. No. C 96–1490 S1 (PR), 1998 WL 514068 * 3 (N.D.Cal.1998). Rather, it appears that Plaintiff is requesting the Court to "pass on the legitimacy of all actions the prisoner did not like." Id.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendation, filed January 28, 2016 (ECF No. 105), in full; and

2. Plaintiff's motion for leave to file an amended complaint (ECF No. 87) is DENIED.

IT IS SO ORDERED.

Dated:   **September 15, 2016**          /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE

3.