UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>    Plaintiff,<br><br>v.<br><br>K. ALICESON, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00860-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR COURT ORDER RE: SETTLEMENT CONFERENCE**<br><br>**(ECF NO. 135)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action, now closed, proceeded against Defendants Garcia, Goss, Trevino, Isira, and Coffin on Plaintiff's First Amendment retaliation claim, and against Defendant Isira on Plaintiff's Eighth Amendment medical indifference and state law negligence claims. Summary judgment was granted in favor of Defendants on the retaliation claim. (ECF No. 122.) On March 2, 2017, the parties appeared at a settlement conference and reached a settlement as to the remaining claims. (ECF No. 130.) On March 23, 2017, a stipulation for dismissal was entered. (ECF No. 133.) Accordingly, the action was terminated by operation of law, Fed. R. Civ. P. 41(a)(1)(A)(ii), and, on March 24, 2017, the case was closed. (ECF No. 134.)

Before the Court is Plaintiff's July 25, 2017, motion for a court order regarding the

1 settlement. (ECF No. 135.) Defendants filed an opposition. (ECF No. 136.) Plaintiff filed
2 a reply. (ECF No. 137.) The matter is submitted. Local Rule 230(*l*).

3 Plaintiff states that his settlement demand included a request that certain
4 documents be removed from his prison file. Defendants did not agree to this request.
5 Nevertheless, the matter settled. Plaintiff understood, and the Court confirmed, that the
6 settlement did not preclude Plaintiff from seeking to remove the challenged records
7 through other procedures available to him after the close of this case. Plaintiff believes
8 that applicable laws, including the California Information Practices Act of 1977 and the
9 Eighth Amendment to the United States Constitution, require that these records be
10 removed because they are inaccurate. However, the California Department of
11 Corrections and Rehabilitation refuses to remove the records, apparently at least in part
12 because of a litigation hold placed on Plaintiff's files in relation to his appeal of a
13 separate matter, Wheeler v. Alison, Case No. 1:12-cv-861-DAD-GSA. He seeks an
14 order precluding the assigned Deputy Attorney General from interfering in Plaintiff's
15 attempts to remove these records from his file, as well as "a ruling in writing" confirming
16 that Plaintiff may pursue available legal remedies to remove the records.

17 To the extent Plaintiff seeks enforcement of what he believes to have been a
18 provision of the settlement agreement, the Court lacks jurisdiction. In Kokkonen v.
19 Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the Supreme Court considered
20 the jurisdiction of federal courts to enforce settlement agreements. The Court held that
21 once parties to a lawsuit have settled and the District Court has dismissed the case, the
22 District Court does not have ancillary jurisdiction to enforce the parties' settlement
23 agreement. Id. at 379-81. Ancillary jurisdiction to enforce a settlement agreement may
24 arise if the "parties' obligation to comply with the terms of the settlement agreement had
25 been made part of the order of dismissal – either by [a] separate provision (such as a
26 provision "retaining jurisdiction" over the settlement agreement) or by incorporating the
27 terms of the settlement agreement in the order." Id. at 381; Hagestad v. Tragesser, 49
28

F.3d 1430, 1433 (9th Cir. 1995) (quoting Kokkonen, 511 U.S. at 381). Such specific language confers the requisite jurisdiction because a breach of the agreement thereby violates the order. Kokkonen, 511 U.S. at 381. Absent such language or an independent basis for jurisdiction, the enforcement of a settlement agreement is a matter for the state courts. Id. at 382.

To the extent that Plaintiff's motion can be construed as a request brought pursuant to Federal Rule of Civil Procedure 60(b)(6), the Ninth Circuit has held that the repudiation or "complete frustration" of a settlement agreement may be grounds to set aside a judgment. See Keeling v. Sheet Metal Workers Int'l, 937 F.2d 408, 410 (9th Cir. 1991); see also Kokkonen, 511 U.S. at 378 (distinguishing enforcement of a settlement agreement from reopening a dismissed suit because of breach of the agreement that was the basis for dismissal). Here, however, Plaintiff does not seek to set aside the judgment, nor does he argue "complete frustration" of the settlement agreement. He instead seeks confirmation from the Court that he may pursue legal or other remedies based on provisions he interprets to require CDCR to maintain accurate records. The Court lacks jurisdiction to issue such an order in this closed action.

Accordingly, Plaintiff's motion for a court order is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **December 28, 2017**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3